Tubbs v. Ogden.

## TUBBS V. OGDEN.

1. **Fence:** ACTION OF VIEWERS: COMPLAINT. It is not necessary that a complaint to the fence viewers of the insufficiency of a partition fence should be in writing.

2. ——: ——: ADJUDICATION. An adjudication respecting the sufficiency of the fence must be made by the trustees sitting as a board, and must be based upon personal inspection, although such inspection need not be made jointly.

3. ——: ——: ——. Nor is it necessary that this adjudication should be reduced to writing and certified by them.

4. ——: ——: CERTIFICATE. The certificate of the fence viewers respecting the value of the fence built by the complainant, after refusal of the other party to comply with the order of the fence viewers, need not be delivered to him or served upon him to entitle the complainant to recover therefor. It is sufficient if it be filed with the clerk.

5. ——: ——: NOTICE. The party whose fence is complained of should have a reasonable notice of the meeting of the fence viewers, but no definite time is required.

*Appeal from Clinton Circuit Court.*

THURSDAY, JUNE 7.

ACTION to recover for building a partition fence. The plaintiff complained verbally to the fence viewers that a partition fence which it was incumbent upon the defendant to maintain was out of repair. On the 15th day of September, 1873, they notified the defendant, at 4 o'clock in the morning, that they would meet to view the fence at 9 o'clock of that day. At the appointed hour they met and viewed the fence and determined that it was insufficient. The defendant was not present. The fence viewers did not reduce their decision to writing, but they notified defendant in writing to rebuild and reconstruct the fence before the 27th of that month. This the defendant did not do and the fence was rebuilt by plaintiff. The fence as rebuilt by plaintiff was examined separately by the fence viewers. At a meeting held elsewhere than at the fence they adjudged it to be sufficient, and ascertained and certified the value thereof. The fence viewers' certificate of value does not

appear to have been presented or shown to the defendant. A demand was made of him for payment of the amount, one month before the commencement of the suit. The defendant refused to pay. Other facts are stated in the opinion. Jury trial and judgment for the plaintiff. Defendant appeals.

*George B. Young* and *A. R. Cotton*, for appellant.

*Amos & Fletcher* and *J. S. Darling*, for appellee.

Adams, J.—I. The court instructed the jury that "it was not necessary that the complaint of the plaintiff to the fence viewers of the insufficiency of the fence should have been in writing." The giving of this instruction is assigned as error. The provision of the Code is that "the aggrieved party may complain to the fence viewers." Sec. 1490. It is not expressly provided that the complaint shall be in writing and we are of the opinion that it is not necessary. If the fence viewers act upon the verbal complaint, as in this case, the object of the complaint is fully secured. It is not necessary, we think, as appellant claims, that the complaint should be made a matter of record. To show that it is, he cites Sec. 395 of the Code, which provides that "the township clerk shall keep accurate records of the proceedings and orders of the trustees." But the complaint to the trustees is no part of their proceedings or orders.

*1. FENCE: action of viewers: complaint.*

II. The defendant asked an instruction which is in these words: "In order for the plaintiff to recover in this action he must establish and show that the fence viewers, after he had rebuilt the fence in controversy, together met and together examined and adjudged the fence so rebuilt sufficient." This instruction was refused and the refusal is assigned as error.

*2. ——: ——: adjudication.*

To entitle the plaintiff to recover it is provided that the fence must be "adjudged sufficient by the fence viewers." Code, Sec. 1491. We are inclined to think that the adjudication must be made as the action of the trustees sitting as a board. It is doubtless one of those things of which a record should be made by the township clerk. We think, also, that

Tubbs v. Ogden.

the statute contemplates that the adjudication shall be made as the result of a personal inspection by the trustees. This is implied from the fact that in discharging the duties imposed by statute upon them in respect to fences they are called fence viewers. There is also much force in appellant's claim that the fence should be viewed by them in a body. Each would be likely to derive more benefit from the other's inspection. But we cannot say that a separate inspection of the fence, if thoroughly made, might not enable them to determine fully its sufficiency. The Code does not provide expressly that the inspection shall be made jointly, and it does not appear to us to be of so great importance that we should presume that a joint inspection was designed. We are accordingly of the opinion that the Circuit Court did not err in refusing the instruction asked.

III. The court instructed the jury that "it was not necessary that the adjudication of the fence viewers, as to the sufficiency of the fence as rebuilt, should have been reduced to writing and certified by them." The giving of this instruction is assigned as error. Whether the adjudication should have been reduced to writing and certified by the trustees, must depend entirely upon the statute. The provision in respect to the adjudication is contained in Sec. 1491 of the Code, and is in these words: "If such fence be not repaired or rebuilt accordingly (that is, according to the direction provided in the preceding section) the complainant may repair or rebuild it and the same being adjudged sufficient by the fence viewers, and the value thereof with their fees being ascertained by them, and certified under their hands, the complainant may demand of the owner of the land where the fence was deficient the sum so ascertained," &c. From the foregoing it appears that the value of the fence must be certified under the hands of the fence viewers. Must the adjudication of its sufficiency be certified also? We think not. It is not necessary to so infer from the language of the statute, and we see no good reason for thinking that such was the design. The clerk's record of the adjudication would, we think, be sufficient evidence of it, and in case such record was

omitted by mistake the adjudication could be proven by parol. *Bank, etc., v. Dandridge,* 12 Wheaton, 64; *Hutchinson v. Pratt,* 11 Vt., 402.

IV. The court instructed the jury that "it was not necessary to entitle the plaintiff to recover that the certificate of 
**4. ___ : ___ :**
**certificate.** the fence viewers, of the value of the fence, or a copy thereof, should have been served upon the defendant, or presented to him, before, or at the time of, demand of the sum certified." The giving of this instruction is assigned as error. If the statute had prescribed that the certificate should be delivered by the trustees to the complainant, we should think that the same should be presented to the other party before a right of action would accrue. In the absence, however, of a provision to that effect, it appears to us that the certificate should be delivered to the township clerk to be by him filed and preserved as a part of his records. Such paper, so filed and preserved, would, we think, be sufficient evidence of the complainant's rights, on the one hand, and sufficient notice of those rights to the other party, upon the other hand.

V. The court gave the jury an instruction in the following words: "It was not necessary that the notice of the fence 
**5. ___ : ___ :**
**notice.** viewers to plaintiff and defendant, of the time they would examine the fence, should have been given for any definite time or number of days before such examination. The law required due notice to be given. By the term, due notice, is meant a reasonable notice; and the notice to the defendant was due and reasonable, if after the notice was given him he had a reasonable time to go from the place where it was served and be at the examination of the fence at the time specified in the notice." In the giving of this instruction it is claimed by appellant that the court erred.

The party notified should have a reasonable opportunity to attend the examination, and this, we think, is what the instruction means. The time which would necessarily be consumed in travel would not, we think, be a reasonable time. If the instruction complained of is susceptible of this construction, it could not be approved. It would be unreasonable to require

that the party notified should start instantaneously for the place of examination. As, however, the interruption to his business would ordinarily be slight, occupying as may be presumed a mere fraction of a day, a very short time would ordinarily be sufficient for preparation. The instruction, we think, was designed to give such time. We have been unable to discover any error in the rulings of the court below, and the judgment must be

AFFIRMED.