ABSALOM MILES, Appellant, v. F. D. TOMLINSON *et al.*

**Fence Viewers:** APPEAL FROM. Where a land owner was present when the fence viewers ordered a fence built adjoining his land,
2  and made no claim that it was a public common, such claim is barred by his failure to appeal from such order within one year, as required by Code 1873, section 3224.

APPEAL AND CERTIORARI. Whether a land owner was assessed by
6  fence viewers with cost of a more expensive fence than the law required, must be decided on appeal, and not on certiorari to review their proceedings.

TIME FOR APPEAL: *When it begins to run.* Where fence viewers entered an order for the building of a division fence, the year with-
3  in which an appeal must be taken under Code 1873, section 3224, does not begin to run as against a defense that the land was not that of the person ordered to build the fence, until a personal liability is sought to be enforced against him for the expense.

VALIDITY OF FINDING. That fence viewers, having met on the land, viewed it, located the fence, and fixed its cost and their fees, went
4  to an attorney's office in an adjoining township to put their findings in writing does not invalidate the proceedings; the findings being duly recorded by the clerk in the proper township.

LADD, J., dissenting.

COSTS. Fence viewers, in assessing costs of a fence, have no right to
5  include the fees of the township clerk.

**Appeal:** AMOUNT IN CONTROVERSY: *Fence viewers.* A proceeding against fence viewers, to test the validity of their action in ordering plaintiff to build a fence, is appealable to the supreme court,
1  within Code, section 4110, requiring $100.00 to be in controversy, to entitle a party to such an appeal, since the decision imposes on plaintiff the duty of maintaining the fence in the future which may involve more than $100.00.

*Appeal from Tama District Court.*—HON. OBED CASWELL,
Judge.

WEDNESDAY, JANUARY 24, 1900.

THIS is a certiorari proceeding against defendants, who
constitute the board of township trustees, to test the validity
of their acts, as fence viewers, in ordering built a certain
fence, and assessing the cost thereof against plaintiff. The
district court confirmed the acts of the trustees, and taxed
the costs of this proceeding to plaintiff. He appeals.—
*Affirmed.*

*W. B. Louthan* for appellant.

*O. H. Mills* for appellees.

WATERMAN, J.—The defendants, acting as fence
viewers, duly ordered a fence built on the line of land
claimed to belong to defendant, which adjoined the land of
one Malin. This order was made in November, 1895. In
June, 1896, the board met, and found the fence had been
built by Malin, and agreed upon the cost; and on July 3d,
at another meeting, they put in writing the finding that the
fence was lawfully built, and the allowance for constructing
the part assigned to plaintiff, which was thirty-three dol-
lars and twenty-three cents, and entered their fees previously
fixed, together with a fee for the clerk, amounting in all to
eleven dollars.

I. Appellees claim that, as the amount involved is less
than one hundred dollars, no appeal lies to this court. As
a matter of fact, the cost of the fence is not directly
involved in this proceeding. We are asked here only
to determine the validity of certain acts of the
trustees. We do not think this case comes under section
4110 of the Code. *Geyer v. Douglass,* 85 Iowa, 93. But,
if that section governed, we are not prepared to say that

the case is not appealable. The action of the trustees fixed plaintiff's liability, not only for the original cost of the fence, but for its future maintenance. What this would be is not, nor, indeed, could it well be shown. If this were an action to recover of plaintiff the cost of building the fence, the matter of its maintenance, perhaps, could not be considered. But here we have plaintiff complaining of a liability imposed upon him, and this, so far as we know, may, in its ultimate results, involve more than the amount necessary to give a right of appeal.

II. Appellant makes two claims: (1) That the land was a public common; (2) that he did not own the land immediately adjoining Malin's land. Appellees insist that both of these claims are barred by limitations, for that no appeal was taken within one year from the date of the order to build the fence. Section 3224, Code 1873. We think the plea good as to the first matter. Plaintiff was served with due notice of the contemplated action of the trustees on November 6, 1895. On November 11th following, as stated in the notice, the trustees met to determine as to the fence; and, as we understand, plaintiff was present at the meeting. If there was any reason known to plaintiff why he, as owner of the adjoining land, was not obliged to fence the same, he should have made it known, and not permitted costs and expense to be incurred because of his silence. The order dividing the fence, and requiring it to be built, was made November 13, 1895. As to the claim that the land was a public common, our opinion is that the statute has run against it. The other matter, however, stands on a different footing. The trustees were bound to know who owned the land, before they could lawfully act. Plaintiff was under no obligation to set up want of title until some personal liability was sought to be enforced against him. On this branch of the case plaintiff offered evidence to show that he had deeded to his son a strip thirty feet wide along the edge

of his land, adjoining Malin's land, a few days before notice of the trustees' meeting was served upon him. If the trial court found, as it must, that this deed was not made in good faith, we shall not disagree with it. The facts and circumstances all strongly indicate that plaintiff is seeking every available means to avoid paying for his portion of this fence.

III. Plaintiff's next point is that the township trustees met in another township to fix the cost of the fence, and that this they had no authority or right to do. The facts are that the trustees first met on the land where the fence was located, viewed it, fixed its cost and their fees, and then went to an attorney's office in an adjoining township to put their findings in writing, so that they might be recorded by the clerk. Thereafter the clerk, sitting in the proper township, made the record. Township trustees have no office or place for the transaction of business. They have not usually the facilities, nor always the knowledge, necessary for preparing legal documents. They may quite often be compelled to seek assistance in both respects. It would be going to the extreme to say that these proceedings should be annulled because the clerical work was done outside the township, especially when all of their acts were properly recorded by the clerk in the township of their official residence. The cases cited by appellants do not seem in point. *Capper v. Sibley,* 65 Iowa, 753, is especially relied upon; but in that case the matter of an order in probate was both heard and determined outside the county in which the estate was pending. As a general rule, in the absence of statutory requirements to the contrary, an adjudication may be oral. A judgment is the finding of a judicial tribunal. The written entry thereof is but the evidence of the judgment. 1 Freeman Judgments, section 38. There is no special statute relating to the adjudication that has application in this case. We have, then, these facts: The judicial act was properly performed. It is only the clerical work

that is in question. That this was done outside the township should not affect the validity of the proceeding. This is certainly true where, as here, the good faith of the parties is not questioned.

IV. There is nothing in the record to show that the trustees assessed against plaintiff more than the cost of a lawful fence. They did, it seems, include the fee of the township clerk. This they had no right to do. We do not know the amount of this charge, as all fees are included in one sum. Whatever was allowed for the clerk should be omitted.

We may say, further, that the question of whether plaintiff was assessed with the cost of a more expensive fence than was required by law was a matter to settle on appeal. We cannot properly pass upon it in this proceeding. With the correction suggested, the record will be approved.—AFFIRMED.

GRANGER, C. J., not sitting.

LADD, J. (dissenting).—The adjudication of the sufficiency of the fence was not necessary to be in writing, but the value thereof, with the fee of the fence viewers, must have been so ascertained by them acting as a board, and certified under their hands. *Tubbs v. Ogden,* 46 Iowa, 136. This appears from the language of section 1491, Code 1873: "If such fence be not repaired or rebuilt accordingly, the complainant may repair or rebuild it, and the same being adjudicated sufficient by the fence viewers, and the value thereof with their fees, being ascertained by them and certified under their hands, the complainant may demand of the owner of the land where the fence was deficient the sum so ascertained, and, in case of neglect, to pay the same for one month after demand, may recover it with one per cent. a month interest by action." What these fence viewers had in their minds, or what conclusions had been reached, when in Columbia township, is wholly immaterial, in view

of this statute requiring the adjudication to be made in writing. That excluded any other method. See *Callanan v Votruba,* 104 Iowa, 672 (40 L. R. A. 375). As no adjudication could be made, save in writing, that in Tama township was the only one had which the law recognizes. In *Capper v. Sibley,* 65 Iowa, 753, a circuit judge was held not to have jurisdiction to make an order in probate requiring notice outside the county where proceedings were pending, even though the statute authorized him to do so at such place and time as he might appoint. It was the making of the order, and not the hearing, as suggested by the majority, which was there condemned. Clearly, that case should be decisive of this; otherwise, the judge is limited to the territory of a particular county in determining probate matters, while the fence viewers, in making their findings in writing, are not limited by any locality. If they may determine controversies when sitting as a board outside of the township, I see no reason why they may not do likewise beyond the county or even state limits. Some stress is laid on the fact that the finding was recorded, and yet this court has held that to be absolutely unnecessary. See *Tubbs v. Ogden, supra.* The vice in the reasoning of the majority lies in the assumption that there may be any adjudication save in writing, as expressly directed by statute. Such officers have only powers such as are conferred upon them by law, and these may be exercised in no other way than that pointed out by statute. Public policy demands that official duties be performed in the particular territory for which the officials act, and among the inhabitants vitally interested in their doings. This tends to publicity, and encourages fidelity to the public as well as to the citizen. In view of the uniform holding that no particular formality in such papers is required, the suggestion that assistance was necessary deserves no attention. In my opinion, the fence viewers could not act as such, nor

make any valid finding, when sitting outside of their town-ship; and for this reason the proceedings should be Annulled.