### STOWERS v. MILLEDGE et al.

A judgment of a justice of the peace, which, after reciting the names of the parties, the amount claimed, the cause of action, and that the cause had come before him by change of venue, reads as follows: "And agreeable with the order, the parties met by their counsel—*Cochran*, for plaintiff, and *J. R. Richardson*, for defendants. After hearing all the testimony on both sides, it is believed that the plaintiff is entitled to seventy-five dollars debt, and costs of suit, which is taxed as follows," is sufficiently certain and specific, and valid against the defendants.

A party appealing from the judgment of a justice of the peace to the District Court, cannot, in that court, move to dismiss the appeal, or the cause, on the ground that the certificate of the justice to his transcript, is defective.

### *Appeal from the Lee District Court.*

ON the 27th day of January, 1854, the plaintiff sued the defendants before a justice of the peace, claiming one hundred dollars, for injuries sustained by the acts of the defendants in assaulting and stabbing the plaintiff. A trial was had, and the justice, as appears from the record, after stating the names of the parties, the amount claimed, the cause of action, and that the cause had come before him by change of venue, makes the following entry: "And agreeable with the order, the parties met by their counsel—*Cochran*, for the plaintiff, and *J. R. Richardson*, for the defendants.—After hearing all the testimony on both sides, it is believed that the plaintiff is entitled to seventy-five dollars debt, and cost of suit, which is taxed as follows." From this judgment, the defendants appealed to the District Court. At the first term thereafter, the cause was continued by consent, and at the next term, the defendants moved to dismiss the appeal, as also the cause, because there was no judgment rendered from which an appeal could be taken. This motion was overruled, the parties went to trial, and the judgment was for the plaintiff in the same amount as before the *justice*. The defendants appeal to this court, assigning for error the overruling their motion to dismiss said cause and the appeal.

*Samuel F. Miller*, for appellants, contended:

1. The District Court can have no jurisdiction on appeal from the justice of the peace, unless there is a judgment rendered by the justice, and entered upon his docket. *Kimble* v. *Riggin*, 2 G. Greene, 245.

2. There is no certificate or other evidence that the paper filed by the justice, was a transcript from his docket, and, of course, there was no judgment to be appealed from.

3. The language of the justice, in what is supposed to be his transcript of docket entries, does not amount to a judgment against the defendants.   11 Humphrey, 220; 1 Dougl. 500.

*John M. Beck*, for appellee.

The judgment of the justice is valid, and of sufficient form to sustain an appeal therefrom.   A judgment is the sentence of *the law*, rendered by a court of competent jurisdiction. 1 Bouv. Inst. 264.   No form is essential to the validity of a judgment.   If the intention of the court can be clearly gathered, without doubt and uncertainty, from the language of the judgment, it is all that can be required.   This applies with double force to judgments rendered by justices.   This court has held, in *Taylor* v. *Barber*, 2 G. Greene, 352, that technical nicety and legal precision are not required of justices.   The judgment rendered by the justice would be a bar to other proceedings for the same cause of action between the same parties.   That being the case, we would have been without remedy, had the District Court dismissed the appeal, thereby declaring the judgment void.   *Green* v. *Betts*, 2 Dougl. 99; *Hess* v. *Beekman*, 11 Johns. 457 ; *Felter* v. *Mulliner*, 2 Ib. 181.   But even if the judgment be void, the appeal is good, under the strong and broad language of section 2343 of the Code.   The omission of the justice to render his judgment in proper form, can be nothing more than an *error, irregularity* or *illegality*.   Under the above section, the District Court is to disregard all illegalities.   Now there are many, if not all, illegalities, that would make a judgment void, and therefore, it does not follow, as a matter of course,

that because a judgment upon which an appeal is taken, is void, that the District Court must dismiss the appeal. This case is readily distinguishable from *Kimble* v. *Riggen.* In that case, the justice made no attempt to render a judgment. Besides, the law which governed that case, is entirely different from the provisions of the Code, governing appeals. The counsel then went on to show that in cases of appeals, it was the duty of the court, under the provisions of the Code, to try the case *de novo*, and that the appellant could not move to dismiss his own appeal.

WRIGHT, C. J.—Two questions are presented. *First*, was this a judgment from which an appeal could be taken to the District Court? and *second*, could the defendants, after treating it as such, and doing all those things that showed that they regarded it as a valid judgment, object to it, and the jurisdiction they had sought thus to give? If either of these questions is decided against the defendants, this case must be affirmed.

The language used by the justice is certainly not in the usual form, or such as rigid and purely technical rules would require. We would not encourage, on the part of the inferior courts, carelessness in the making of their entries; nor, on the other hand, would we require too great particularity or specific formula. We adopt the language used in *Taylor* v. *Barber*, 2 G. Greene, 352, that "it is not expected that technical nicety and legal precision can characterize these proceedings; and hence irregularity and deficiency in form, are viewed with liberality." But when we come to that which is claimed to be the judgment, there must be reasonable certainty and conclusiveness, so that the judicial mind can say it is satisfied that it was a substantial final order.

By our law, "all final adjudications of civil actions are judgments." Code, § 1814. In the entry thereof, must the justice follow any particular form? We know of no authority or reason for his so doing. In *Ordinary* v. *McClure*, 1 Bailey, 7, it is held, that "beside the time and place, a judgment should exhibit the parties, the matter in

dispute, and the result, but the form is immaterial." And this we hold to be the general and correct doctrine. We must look to the substance, and mere form becomes immaterial. Here, there can be no reasonable doubt as to the parties, or what was in dispute; and if we have the result with sufficient certainty, it is all that is required. Much would have to be presumed against the legal and ordinary effect of the language and this record, to say that the result or conclusion is not substantially stated. The parties are before the justice, one known as the plaintiff and the others as defendants, in a suit pending; the subject matter in dispute is quite clearly stated; they try that subject matter; and when it is all heard, the justice enters on his docket the result—" that plaintiff is entitled to seventy-five dollars." It is said that the word " believed," is not sufficiently definite. The usual form is, perhaps, " it is considered." Is there any substantial difference in the two terms ? We think not. Who believes or considers? The justice, certainly. For what is plaintiff entitled to the seventy-five dollars? We answer, for the injuries sustained, and which the parties there met to adjudicate. From whom is he entitled to have this amount? The only reasonable and fair construction is, from the defendants, of whom he claimed it, and who were there defending. An unwarranted degree of technicality might claim this language to be too indefinite, but we must take the whole record together; bear in mind that it was a judicial proceeding; the expression and putting on paper the conclusion of the mind, acting judicially; and, in this view of it, reasonable certainty is shown, and all reasonable doubt and uncertainty excluded.

Defendants have referred us to 11 Humphrey, 220, and 1 Douglass (Mich.), 502. We cannot see that the authority in Humphrey touches the question at bar; or, if it does, the record was so entirely dissimilar, that we should not regard it as of weight. In the case in Douglass, a prominent difference, as compared with the one we are now considering, is, that there, there was no finding in favor of any party, or against either party. That, also, was a suit brought to re-

cover upon a judgment, which was held to be too indefinitely and uncertainly set forth. Here, there is a clear finding in favor of one party, and the question arises on a motion by the party appealing to dismiss his own appeal, because there was no judgment rendered against him from which he could appeal. We are also referred to the case of *Kimble* v. *Riggin*, 2 G. Greene, 245. In that case, there was no judgment, and no attempt to enter a judgment, but merely the verdict of a jury, appealed from. Here, the cause was heard and determined by the justice, without the intervention of a jury, and at least an attempt to enter a judgment.

It is urged, in argument by defendants, that the certificate of the justice to his transcript was not sufficient, and for that reason the motion to dismiss should have been sustained. We shall not inquire, whether the certificate is good in form or not. We are unwilling to recognize the doctrine, that a party can take his appeal from an inferior court, and have his motion sustained to dismiss the same, because he did not do his duty. Suppose there was no certificate to this transcript, could the appellants object? The other party might, but the party taking the appeal could not.

The above conclusion, as to the first point, will render the consideration of the second unnecessary.

Judgment affirmed.