## BARRETT v. GARRAGAN.

1. JUDGMENT: FORM. No particular form of entry is necessary to the sufficiency of a judgment. When the time, place, parties, matters in dispute and the result of the hearing are clearly stated in the record, it is sufficient.

*Appeal from Dubuque District Court.*

THURSDAY, APRIL 14.

THIS action is brought upon a transcript of a judgment rendered by a Justice of the Peace, in Oneida county, New York, the transcript is in these words, viz.:

"MARCUS BARRETT *v.* JOHN GARRIGAN. ·Short summons, issued October 9, 1856; returnable 13th October, 1856, at 2 o'clock, P. M. Returned personally served by Thomas Dugan, constable, October 9th, 1856; fees, twenty-five cents. October 13th, parties called. Plaintiff appeared. Defendant, by J. B. Ellwood, who was sworn to his authority to appear. Plaintiff complains against defendant for keeping horses for defendant one year

and one month, at 12s. a week, and demands judgment for $84 and costs. Cause adjourned, by agreement, to 24th October, at 2 o'clock, P. M. October 24th, parties appeared as before, and Valentine O. Amidon and Marquis L. Kimyon were duly sworn for the plaintiff. Judgment for plaintiff against the defendant, for

"October 24th, 1856.

| | | |
|---|---:|---:|
| Damages, .................................... | | $84 00 |
| Justice's fees,......................... | $0 80 | |
| Const.,................................. | 25 | |
| Two witnesses, ....................... | 25 | |
| | | 1 30 |
| | | $85 30 |

"January 28th, 1863, transcript,............. $0 25"

This transcript was certified by the Justice of the Peace, and authenticated by the certificate of the Clerk as to his official character, &c.

On the trial before the jury, the plaintiff offered this transcript in evidence, to which the defendant objected, solely "on the ground that it did not show that any judgment had been rendered against the defendant in favor of the plaintiff." The objection was overruled, and defendant excepted. There was no other evidence in the cause. A verdict was rendered for plaintiff, and defendant's motion for a new trial being overruled, and the ruling excepted to, judgment was entered against defendant, from which he appeals.

*John H. O'Niell* for the appellant.

*John Doud, Jr.,* for the appellee.

COLE, J.—Only one question is properly presented for the consideration of this Court, and that is: Does the trans-

cript "show that any judgment had been rendered against the defendant in favor of . the plaintiff?" Following the cases of *Stowers* v. *Milledge et al.*, 1 Iowa, 150; and *Taylor, Shipton & Co.* v. *Runyan & Brown*, 3 Id., 474; we hold that it does. In the first of these cases, WRIGHT, C. J., in delivering the opinion of the Court, said: "we must look to the substance, and mere form becomes immaterial. Here there can be no reasonable doubt as to the parties or what was in dispute; and if we have the result with sufficient certainty, it is all that is required." In the latter case, it is stated that "this Court has before held with reference to judgments rendered in this State, that no particular form of words is necessary, and we are not inclined to apply a more stringent rule to the judgment of other States when prosecuted in our courts." In the transcript offered in evidence in this case, we have the time, place, parties, matter in dispute, and the result, all so concisely and yet so clearly stated as to be unmistakable. See *Ordinary* v. *McClure,* 1 Bailey, 7.

The judgment is affirmed.