## CHURCH v. CROSSMAN.

1. **Judgment**: FORM OF: PRACTICE. No particular form of words is necessary to show the rendition of a judgment. A transcript which indicates the time, place, parties, matters in dispute, and adjudication thereon, is sufficient. Following *Barrett v. Garragan*, 16 Iowa, 47.

*Appeal from Hamilton Circuit Court.*

THURSDAY, OCTOBER, 21.

THIS action is brought upon a judgment of a justice of the peace in St. Lawrence County, New York. The court sustained a demurrer to the petition, and the plaintiff refusing to amend, judgment for costs was rendered for the defendant. Plaintiff appeals. The further facts appear in the opinion.

*Clark & Moulton,* for appellant.

*W. J. Covil,* for appellee.

MILLER, CH. J.—The transcript of the judgment sued on is as follows:

"State of New York, St. Lawrence Co., town of Gouverneur. In Justice's Court, before J. B. Preston, Esq., J. P.

| DANIEL CHURCH, | FEBRUARY, 16th, 1874. |
| against | Judgment rendered in favor of plaintiff against defendant on the above cause on contract on process personally served. |
| HENRY C. CROSSMAN | |

Debt.................................$200.00.
Costs..........................  ........    2.40.
                              _____
Judgment..........................  .........$202.40.

ST. LAWRENCE COUNTY, ss.

I certify that the above is a true copy of a judgment rendered by and before me, and now remaining unsatisfied upon my docket.

Witness my hand this 11th day of April, 1874.

J. B. PRESTON,
*Justice of the Peace.*

This judgment was duly authenticated by the clerk of the Supreme Court of the county, but as no question is made upon the authentication, the certificate is omitted from this opinion.   The court sustained the demurrer on two grounds, as follows:

"1.   The transcript does not show that any judgment was ever rendered by any court."

"2.   The transcript does not show the findings or adjudication of the court in said case."

It is settled by the decisions of this court, that no particular form of words is necessary to show the rendition of a judgment. See *Barrett v. Garragan*, 16 Iowa, 47, and cases cited in the opinion.   Where the time, place, parties, matters in dispute, and an adjudication thereon appear it is sufficient.   Ibid.

In the transcript before us we have the time place, parties, matter in dispute and the result, concisely and clearly stated. It is stated that "judgment is rendered for the plaintiff against

the defendant;" that such judgment is in the cause entitled "*Daniel Church v. Henry C. Crossman;*" that the judgment is rendered "on contract;" that such judgment was rendered upon "process personally served," and the amount of the judgment is clearly stated. The case is clearly within the cases above cited. The transcript shows all the requisites of a valid judgment as clearly as in *Barrett v. Garragan, supra,* or in *Somers v. Milledge et al.,* 1 Iowa, 150, in both of which the court held the judgments sued on to be sufficient.

The court below erred, therefore, in sustaining the demurrer and its judgment must be

REVERSED.