FRANKLIN FLOETE, Appellant, v. MARY A. BROWN, *et al.*

**Mechanic's Lien:** ESTOPPEL BY FRAUD OF PURCHASER. Where materials for improvements were furnished to one in possession of land on his false representation that he owned the land, or had an interest therein to which a lien could attach, and he afterwards acquired a life estate therein, and more materials were thereafter furnished under the same contract, a lien for all the materials attached to the life estate.

PRIORITIES: *Lease.* Where a lease of a life estate was made before the statement of a mechanic's lien for materials furnished prior to the lease, was filed, and after the expiration of the time during which the statute protects such liens without statements, and the lessee had no actual notice of the mechanic's lien, the lien of the lessee is superior to the mechanic's lien.

ASSIGNMENT: *Notice.* The assignee for value of a lease which is prior to a mechanic's lien by reason of the fact that the assignor took the same without notice of the lien is protected to the same extent the assignor would be, notwithstanding any actual knowledge such assignee may have had.

Judgment: CONSTRUCTION FOR APPEAL A judgment for some of the relief prayed which does not grant other relief prayed but does not expressly deny it, is a judgment against plaintiff as to such relief, so that on appeal from the judgment rendered, his right to such relief may be considered.

Appeal: ESTOPPEL AS TO REVIEW. A party cannot question on appeal an express statement or admission in his pleadings.

*Appeal from Clay District Court.*—HON. W. B. QUARTON, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION on a note and account, and to establish a mechanic's lien. The district court gave judgment for plaintiff on the note and account, but only partial relief as to the lien sought, and the plaintiff appealed.— *Modified and affirmed.*

*Cory & Bemis* for appellant.

*Carr & Parker* and *Richardson, Buck & Kirkpatrick* for appellees.

GRANGER, J.—I.　John Brown died, testate, July 4, 1891, in Illinois, leaving as a part of his estate, a quarter section of land in Clay county, Iowa. He left several children surviving, and among them Vincent D. Brown. In the spring of 1891, and before the death of his father, Vincent D. Brown became a tenant of the land in Clay

county, and was in such occupancy when his father died. The right of Vincent D. under the lease was only from year to year. The will of John Brown gave to Vincent D. a life estate in the land, so that, after July 4, 1891, his estate was one for life. In April, 1891, without the knowledge of John Brown, Vincent D. contracted with the plaintiff for lumber to be used in erecting buildings on the land, and the lumber was delivered and so used. Most, if not all, of the lumber, had been furnished before the death of John Brown. There is some dispute as to where the lumber was used, it being appellant's claim that a part of it was used in the house; but the court found, and we think correctly, that it was used only in the barn and hog pen. Appellant, in his petition, sought to establish his lien on the real estate on which the buildings are situated. The defendants are quite numerous, including the widow and heirs at law of John Brown, and also the John Paul Lumber Company, F. H. Helsell, and the Bank of Sioux Rapids. The interest of Helsell and the bank is because of a lease executed by Vincent D. Brown in November, 1892, to Helsell to secure a loan of one thousand dollars from the bank. On the fifth day of April, 1894, a balance of the one thousand dollar claim was paid by A. H. Brown, and the lease was assigned to him by Helsell, and he (Helsell) also quitclaimed to A. H. Brown his interest in the land. On the same day, Vincent D. Brown and wife, by deed, conveyed their interest in the land to A. H. Brown. It thus appears that from and after April 5, 1894, A. H. Brown was the owner of the life estate, by a conveyance from Vincent D. Brown and wife, and also the owner of the leasehold interest of Helsell, which included the interest of the bank. This suit was commmenced August 5, 1893, and before A. H. Brown obtained the title from Vincent D. or the interest of Helsell; and hence he took from them with knowledge

of plaintiff's claim, but would be protected in so far as his grantor would be protected. The statement for the mechanic's lien was filed August 3, 1893. The cause is continued as to the John Paul Lumber Company, so that the company does not appear in this court. The district court, so far as the lien concerned, sustained it as to the barn and hog pen, and denied it in other respects, and it is mainly because of a refusal to sustain it as to the life estate of Vincent D. Brown that the appeal is prosecuted.

II.   The answer of the defendants admits the right of plaintiff to a lien upon the buildings in which the lumber was used, and they do not resist the establishment of such a lien; but the right to a lien on the land is denied by them, and the contention comes to this: Are the facts such that had Vincent D. Brown retained his life interest in the land, the lien of plaintiff would have attached thereto? For the present we leave out of consideration how the lien, if it would attach, would be affected by the leasehold interest of Helsell, that was assigned to A. H. Brown. The sale by Vincent D. to A. H. Brown was in 1894, long after the material was furnished and the life estate was acquired, so that the lien had attached so far as it would, of which A. H. Brown was required to take notice in his purchase from Vincent D. The equities of this case speak loudly for the plaintiff, but this should not lead to an erroneous announcement of the law. The facts are, we think, beyond serious dispute, that, when the contract was made between plaintiff and Vincent D. Brown, both supposed that he (Vincent) had the right to make the improvement on the land; that part of the material was furnished before and part after the life estate was acquired; that plaintiff did suppose and Vincent D. had reason to suppose, at least after he had his life estate, that the lumber was furnished so that the lien would be upon his (Vincent's) interest, be

it greater or less. It does not appear that the contract was for a specific amount of lumber to be delivered at a specified time, but it seems that the period of its delivery was from April 15 to December 10, 1891, quite a proportion being delivered after the life estate was acquired. Plaintiff states, and we think truthfully, that, when the contract was made for the lumber, Vincent told him that he owned the farm. It may be doubted if he meant more than that he was in possession, expecting the title, at least, to the extent of a life estate. In view of these facts, we do not regard the legal proposition as doubtful that, as between plaintiff and Vincent D., the lien should attach to the life estate, which he had when he took, in part at least, the fruits of his contract. It was but one contract and one performance. We do not find that the precise question has ever been determined. The statute does not seem to be explicit in this particular. Apellees concede, in argument, that the lien attaches to "such interest as the owner had at the time of entering into the contract and the furnishing of the material." We need not express an opinion as to the correctness of such a rule, for, if correct, it is against the thought that it attaches only to the interest at the time the contract is made, and favors our conclusion; but we may say that where a party is led to believe that one has a title or interest, to which the lien will attach, and he has not, but obtains it while the contract is being performed, the lien does attach. Of such a rule we have no doubt.

III. It is thought by appellees that the appeal is not from that part of the judgment, so that the question we have considered is not involved in the appeal. The prayer of the petition is in part that a lien may be established against said land and the buildings according to law, and concludes with a prayer for such other and further relief as may be adjudged equitable. The effect of the judgment was to deny all

relief against the land. There are no express words of denial, but there are express words of the relief granted, which would operate to deny what is not expressed, and that is, in legal significance, a judgment of denial. The notice of appeal is that plaintiff appeals from the judgment and decree rendered against him. We think that, wherein the court either expressed or by legal inference denied relief asked by plaintiff, it was a judgment against him; so that, on appeal, generally, from a judgment against him, he may have such questions considered.

IV.  It is said that the devise in the will is too indefinite to vest a life estate in the particular land in question. We think that question is definitely settled, for the purpose of the case, by the answer of the defendants. It is therein expressly stated that the will left a life estate in said real estate to Vincent D. Brown.

V.  With the life estate affected by the mechanic's lien, we should settle the question of priority between plaintiff and A. H. Brown, in so far as his leasehold interest is concerned, that he obtained by assignment from Helsell. The lien of this lease attached in November, 1892, which was after the life estate attached, and before the statement for the mechanic's lien was filed, and after the period in which the statute protects such liens without the statement. Helsell took his lease without actual notice of the mechanic's lien, and hence he is protected, and the lien of the leasehold interest, as to Helsell, is prior to the mechanic's lien. A. H. Brown is the assignee of the lease, for value, and, as we understand, is protected as Helsell would be, notwithstanding any actual knowledge he may have had. This rule is familiar. We think the judgment should be so modified as that the plaintiff's lien will attach to the life estate,

subject, however, to the lien of A. H. Brown by virtue of the lease obtained from Helsell.

The main contention in the case has been as to the right of the plaintiff to a lien other than on the buildings. The costs, in other respects, are but a small proportion. The defendants Helsell and the Sioux Rapids Bank are entitled to their costs, and as to the plaintiff and other defendants who have answered, and are in this court, the costs will be taxed in both courts, one-fourth to the plaintiff, and the remainder to the defendants. With the modification of the judgment as suggested, it will stand AFFIRMED.