WILLIAM R. NELSON, Respondent, v. BERNARD ALPORT et al., Appellants.

Kansas City Court of Appeals, January 30, 1911.

TRIAL: Evidence: Offer to Prove: Bill of Exceptions. Where a trial before the court on a plea in abatement is immediately followed by a trial without a jury on the merits, and an offer of evidence, setting it out in detail, is made to the court in the trial of the plea in abatement and is excluded if, on the 'trial on the merits the record shows that "plaintiff offered the same evidence as he offered on the plea in abatement, which evidence the court admits," it is a showing that the evidence was actually heard by the court; and if it does not appear in the transcript in any other way than as an offer by plaintiff, it will be taken that the parties accepted it in that form.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*T. A. Frank Jones* for appellants.

*Douglas & Watson* for respondent.

ELLISON, J.—This action is for unlawful detainer and was begun before a justice of the peace. It was removed to the circuit court of Jackson county by certiorari, where judgment was rendered for the plaintiff.

When the case reached the circuit court, a plea in abatement was filed setting up that the same matter was then pending in another action in that court. A trial was had on the plea in abatement. The record shows that the plaintiff introduced evidence on that trial, but, on verbal motion of defendant, it was stricken out; the court holding that it was applicable to the merits, but not to the plea in abatement. Plain-

tiff then, in addition, stated to the court in detail what he could prove and offered to prove it, but the court refused the offer. A finding was nevertheless made for plaintiff, based, we presume, upon the insufficiency of the evidence of defendant to support his plea. The record shows that the case was then immediately taken up on the merits and judgment rendered for the plaintiff.

On this appeal all question as to the plea in abatement is withdrawn and the ground for reversal is that there is no evidence upon which to base the judgment on the merits. The sole ground for this contention is the wording of the bill of exceptions, which in this respect reads as follows:

"The case coming on for trial now upon the merits, the jury is waived by agreement between the parties, and the plaintiff offered the same evidence as he offered on the plea in abatement, which evidence the court admits, and the finding and judgment are for the plaintiff for the possession of the property. To which action and ruling of the court in admitting said evidence, the defendants then and there at the time duly excepted."

Defendant insists that without the evidence of what plaintiff offered to prove in the trial on the plea in abatement, there is nothing to support the judgment. And he contends that that evidence cannot be considered for the reason that it was never actually given, that it never materialized further than a mere *offer* to prove. The sole question presented is whether the record sustains defendant's view. We think it does not.

The case had just been heard on the plea in abatement. Evidence was actually introduced by plaintiff and then stricken out. There was then set out a detailed statement purporting to recite facts, which plaintiff offered to prove and the court refused the

offer. Then immediately on entering on the trial of the merits, plaintiff offered the same evidence he had offered on the plea in abatement, which evidence the court admitted. The record shows that defendant excepted to the "ruling of the court in admitting said evidence." Here then is a record stating that the court admitted the evidence which had before been set out in an offer, in the trial of the plea in abatement. No objection or exception was made to the offer. The only exception was to the "evidence." There is no doubt but that the offer of evidence as set out in the offer in the trial of the plea in abatement was taken by the parties as the actual evidence, defendant excepting to the admissibility of the evidence.

That we have the correct view is shown by the motion for new trial. There, defendant does not give any intimation of the point presented here. The causes stated in the motion are the usual ones, that the court erred in admitting incompetent, immaterial and irrelevant evidence; and because the judgment of the court is against the evidence and the weight of the evidence, etc.

If we should be wrong in stating that the record, taken in entirety, shows that the parties took the evidence offered as and for that actually introduced, defendant would still fail in his point. For, it is plain as language can make it, that the evidence offered was actually admitted. If it does not appear in the bill of exceptions, it can only hurt him whose duty it was to preserve it, and that is defendant. If it was actually admitted and defendant excepted to its being admitted, it must have been omitted from the transcript by defendant. We do not regard the formal closing of the bill of exceptions as to its being all the evidence, as influencing any other construction of the record than we have given.

It will also be observed that defendant did not object to the offer made by plaintiff. He should have objected and stated the grounds of his objection. An exception alone is not sufficient.

Judgment affirmed. All concur.