WM. R. NELSON, Appellant, v. BERNARD ALPORTE and LENA ALPORTE, Respondents.

**Kansas City Court of Appeals, January 22, 1912.**

1. **JUDGMENTS: Unlawful Detainer: Motion to Quash Execution.** Plaintiff obtained judgment for unlawful detainer and the damages were doubled until restitution be made. A motion to quash the execution was overruled as to the damages assessed to the date of judgment, but sustained as to subsequent damages. *Held*, that it was error to quash any part of the execution.

2. ————: **Double Damages.** The statute (Sec. 7674, R. S. 1909), relating to the recovery of double damages for the detention of premises, is imperative, and it was the duty of the court to render judgment in conformity therewith.

3. ————: **Statutes: Construction of.** The rule of strict construction of penal statutes does not require that the judgment, to be valid, should be drawn according to any particular verbal formula. Where the time, place, parties, matters in dispute and adjudication thereon appear, it is sufficient.

Appeal from Jackson Circuit Court.—*Hon. Joseph A. Guthrie,* Judge.

REVERSED AND REMANDED *(with directions).*

*Douglass & Watson* for appellant.

(1) The judgment was sufficient both as to form and substance to uphold each and every part of said execution. Freeman on Judgments (3 Ed.), secs. 45, 47 and 50; Church v. Crossman, 41 Iowa 379; Lewis v. Watrus, 7 Neb. 477; Barrett v. Garragan, 16 Iowa 47; Fish v. Emerson, 44 N. Y. 376; Towles v. Doyle, 16 Iowa 534; Finnagan v. Manchester, 12 Iowa 521; House v. Camp, 32 Ala. 541; 19 Cyc. 1178. (2) The statute of Missouri made it the imperative duty of the court to render a judgment for double the rents and profits up to date of restitution. R. S. 1909, sec. 7674; Gibson v. Lewis, 27 Mo. 532; Bierkenkamp v. Bierkenkamp, 88 Mo. App. 447.

*T. A. Frank Jones* for respondents.

(1) The execution must conform with the judgment; R. S. 1909, secs. 2172, 7675. And may be quashed for lack of conformity. 17 Cyc. 1154-5. (2) The circuit clerk has no right to issue execution for double damages in an unlawful detainer where the court did not give judgment for double damages. Sanderson v. Wartz, 44 Mo. App. 496. (3) The statute authorizing double damages in unlawful detainer cases is penal and must be strictly construed. Finlay v. Magill, 57 Mo. App. 481. (4) ''A finding of facts or conclusions of law by the judge trying the case, or his decision of a controverted point, or opinion upon the matters submitted, whether oral or in writing, does not constitute a judgment; it is not such a definitive sentence or adjudication as is contemplated by that term.'' 23 Cyc. 667, and cases cited.

JOHNSON, J.—This is a suit for unlawful detainer begun before a justice of the peace and removed to the circuit court by *certiorari* where judgment was rendered for plaintiff. Defendants appealed to this court and we affirmed the judgment (154 Mo. App. 293). Afterward execution was issued and the present proceeding was commenced by a motion to quash the execution filed by defendants in the circuit court. The motion assails that part of the judgment relating to the assessment of damages.

The court found, in the judgment rendered, that defendants had unlawfully detained the premises from plaintiff since November 25, 1908; that from that date to May 3, 1909, the rents and profits of the premises were $25 per month, and that since May 3, 1909, the rents and profits were $12.50 per month. The judgment thus proceeds:

''It is therefore considered, ordered, adjudged and decreed . . . that on November 25, 1909 and

ever since defendants . . . have unlawfully detained said premises from plaintiff and that they pay the monthly rental of $25 per month from November 25, 1908 to May 3, 1909, and that said rent be doubled. That is $50 per month from said 25th day of November, 1908, to May 3rd, 1909, and from May 3rd, 1909, to October 14th, 1909 (the date of the judgment, at the rate of $12.50 per month, and that the same be doubled, making the same $25 per month, making a total monthly rent of $197.90 from said November 25, 1908, to October 14, 1909, which is doubled, making a total of $395.80 and that the monthly rental value of said premises is $12.50 per month until restitution be made and that the same be doubled from the 14th day of October, 1909; and it is further adjudged that restitution of said premises be made to plaintiff and that plaintiff have and recover from defendants all his costs herein expended and have execution therefor.''

The execution regarded this judgment as one for double damages and commanded the collection of rents and profits at the rate of fifty dollars per month from November 25, 1908 to May 3, 1909, of twenty-five dollars per month from May 3, 1909 to October 14, 1909, the date of the judgment and of twenty-five dollars per month from the last mentioned date to the date of the restitution of the premises.

No evidence was introduced on the motion to quash and the trial court overruled the motion so far as it relates to the assessment of damages for the two periods preceding the date of the judgment but quashed that part of the execution providing for the collection of rents and profits from the date of the judgment to the date of the restitution. Both parties were dissatisfied with this disposition of the motion and both appealed.

The final point of difference between the parties is this: Defendants contend that the judgment to enforce which the execution was issued amounts to noth-

ing more than an adjudication for single damages for the two periods preceding the date of the judgment and contains no adjudication of damages for the final period from that date to the date of restitution whilst plaintiff insists that the judgment contains a sentence of double damages for all three periods.

The statutes relating to unlawful detainer provide (section 7674, Rev. Stat. 1909) that if the finding be for the plaintiff the judgment shall be that he recover double damages for the detention of the premises prior to the date of the judgment, and also double damages for the period between the date of the judgment and the restitution of the premises to plaintiff. The mandate of the statute is imperative and it was the duty of the court to render a judgment in conformity therewith. [Gibson v. Lewis, 27 Mo. 532; Bierkenkamp v. Bierkenkamp, 88 Mo. App. 447.] It is true the statute is penal and, therefore, must be strictly construed (Finlay v. Magill, 57 Mo. App. 481), but the rule of strict construction does not require that the judgment, to be valid, should be drawn according to any particular verbal formula. If, from the face of the judgment, it appears that the court intended to pronounce the sentence of the law upon the facts of the case and such sentence is clearly and definitely expressed, the inartificiality of the form of the expression will be disregarded. [Freeman on Judgments (3 Ed.), secs. 45, 47, 50; Church v. Crossman, 41 Ia. 373; Lewis v. Watrus, 7 Nebr. 477; Fish v. Emerson, 44 N. Y. 376; House v. Camp, 32 Ala. 541.]

"No particular form of words is necessary to show the rendition of a judgment . . . where the time, place, parties, matters in dispute and an adjudication thereon appear, it is sufficient." [Church v. Crossman, supra.]

"If the entry of a judgment is so obscure as not to express the final determination with sufficient accu-

racy, reference may be had to the pleadings and to the entire record. If with the light thrown upon it by them, its obscurity is dispelled, and its intended signification made apparent, it will be upheld and carried into effect. In case of doubt regarding the signification of a judgment, or of any part thereof the whole record may be examined for the purpose of removing the doubt. [Freeman on Judgments, sec. 45.] And the same author further says in section 50: "From the cases this general statement may be safely made: That whatever appears upon its face to be intended as the entry of a judgment will be regarded as sufficiently formal if it shows, 1, The relief granted; and 2, That the grant was made by the court in whose records the entry is written."

Tested by these rules and in the light of the imperative command of the statute that double damages be assessed we cannot view the judgment before us in any other aspect than as an expression of an adjudication that double damages be recovered by plaintiff for all three periods covered by the judgment. The learned trial judge erred in quashing any part of the execution. The judgment is reversed and the cause remanded with directions to enter judgment overruling the motion to quash *in toto*.

All concur.