## In Re Estate of Grenville M. Dodge.

**JUDGMENT: Conclusiveness—Orders in Probate.** A direction by the
1   probate court as to the proper construction of articles of trust, such
direction being entered of record on issue distinctly joined by all
interested parties, is an appealable order, and unless duly appealed
from, or otherwise set aside on some proper and permissible showing, is a finality, even though the record also reveals a *subsequent* order—inadvertently entered—which suggests *some* inconsistency with said former order.

**JUDGMENT: Amendment, Correction, and Review—Orders in Probate.**

2   Whether a probate court may, before an estate is finally settled and the final order of discharge entered, open up and review a previous order which has been entered on issues distinctly joined by all interested parties, *quaere;* but if such power exists, it may not be exercised in the absence of some legal showing.

**TRUSTS:   Construction—Control by Truster.** Articles of trust reviewed, 3   and held to clearly provide that the trust property should, on the death of the truster, revert to the truster's general estate, and be disposed of under his will.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

SEPTEMBER 19, 1922.

APPLICATION for an order in probate. The order prayed for was denied, and applicants appeal. The facts appear in the opinion.—*Affirmed.*

*John M. Galvin,* for appellants.

*Tinley, Mitchell, Pryor & Ross, George S. Wright, George H. Mayne, D. E. Stuart, Henry Peterson,* and *V. A. Morgan,* for appellees.

FAVILLE, J.—Grenville M. Dodge died testate, January 3, 1916. His will was duly admitted to probate in Pottawattamie County. It appears from the record that, as early as 1875, General Dodge placed certain property in the hands

1. JUDGMENT: conclusiveness: orders in probate.

of one Nathan P. Dodge, as trustee. Various changes were made respecting the property, but eventually, on February 28, 1894, a written instrument was executed by General Dodge respecting the fund in controversy in this proceeding, which fund is known as "The Morgan Jones Trust Fund." The writing described the property impressed with the trust, and provided that the trustee should hold the same for purposes as follows:

"First. To invest and reinvest the same in such a manner as he may deem proper, and to pay the net income thereof, at such times as may be convenient to said second party, but at least annually, in equal shares, to the children of said first party

and the descendant or descendants of any deceased child; the descendants or descendant of any deceased child to take the same share that such deceased child would have taken were such deceased child living. And upon the death of the first party the principal of *said trust fund is to be delivered to the executors of the first party, for disposition in the manner provided by the first party in his will executed February third, eighteen hundred and ninety.*

"But notwithstanding this gift to my said children of said principal and income, as aforesaid, the disposition of said income is subject during the lifetime of said first party to the power of the said first party to direct.

"First. That the said net income may be divided in such unequal shares among the said children and descendants of any deceased child, or the relatives of first party, as said first party may in writing designate, or that the same may be paid to one or more thereof, so designated; or that the same, or any part thereof, may be held by said trustee and added to the principal of said trust *to be distributed therewith, as herein provided upon the death* of said party of the first part.

"Second. The said net income and the principal also shall be subject during the lifetime of said first party to such disposition as a majority of the surviving children of said first party may direct, the said first party consenting thereto in writing."

No will of the said Grenville M. Dodge, dated February 3, 1890, as described in said declaration of trust, has ever been discovered, and if such a will ever existed, its contents are unknown.

On February 9, 1911, General Dodge executed his last will and testament, which was admitted to probate. After making certain specific bequests, the will provides for the disposition of the residuum of the estate. The fifth paragraph of the will provides:

"If my residuary estate, including the Morgan Jones and Frank S. Pusey Trusts, shall at the time of my death be of the value of five hundred and fifty thousand dollars or more, then and only in such event I direct my said trustee or trustees, to pay, make over and transfer from the residuary estate to the

trustees of Norwich University, in the state of Vermont, the sum of fifty thousand dollars.''

The sixth and seventh paragraphs contain a similar recital respecting said trusts, and provide for disposition of portions of the residuary estate, depending upon its total value. The tenth paragraph of the will provides:

''The value of the residuary estate at the date of my death shall be determined by the executors and trustees of this will, according to its reasonable and fair value and shall include the two trusts made by me, known as the Morgan Jones trust, dated February 28, 1894, and the Frank S. Pusey trust, dated January 30, 1894, and their determination of such value in writing, signed by them, shall be final and binding upon all parties.''

On or about the 13th of March, 1916, the executors of the estate of said testator filed an application in said probate proceedings. Said application set out the written instrument creating the Morgan Jones trust fund, and alleged that the trustee of said fund had assigned and turned over to the executors of the will of said decedent all properties and assets of said fund. The application prayed an order directing the executors to proceed with the administration and disposition of the properties and assets of said trust fund, and for all such orders, instructions, and directions as were meet and proper.

The appellants herein were made parties to the hearing on said application for orders, and appeared and filed an answer to said application. In said answer, the appellants, among other things, alleged:

''These beneficiaries under the said trust instrument, and also under the last will of their father, now probated in this court, respectfully show to the court and allege that, as they believe, and as they are duly advised by counsel, the said trust instrument referred to in said application as Exhibit A, and now known as the Morgan Jones trust instrument, was intended to and did convey both the principal and income of said trust fund to the beneficiaries therein named; that there was no purpose or intention manifested in said instrument to retain in the grantor the principal of said trust fund, nor any power of revocation of the trust thus established; and that neither in said instrument nor in the last will of General Dodge, nor in any

other instrument or paper, is there any revocation of said Morgan Jones trust, nor any declaration, neither actual nor inferential, of any purpose or intention on the part of General Dodge to retake possession of the principal of said Morgan Jones trust fund, or to reconvey the same to himself or to his estate. On the contrary, it clearly appears from a consideration, not only of the said instruments, but of other instruments hereinbefore referred to, that it was the purpose and intention of General Dodge to convey said Morgan Jones trust fund for the use and benefit of the beneficiaries therein named during the grantor's life, and on his death to be divided among his daughters.''

The prayer of appellants' answer in said matter was as follows:

''Wherefore, it is respectfully urged that the purposes and intentions of the testator as above set forth be duly carried out, and that the order and instruction of this court to the executors and trustees be in conformity with said purposes and intentions of General Dodge, as hereinbefore set forth.''

The matter was submitted to the court in due time, and on January 4, 1917, an order was entered by the court, and duly made of record. The order contains a lengthy recital of the facts involved in the question submitted for determination. The concluding paragraph of said order is as follows:

''From the entire history of his dealing with the subject-matter of this trust, and from a careful perusal and analysis of the language contained in this instrument of February 28, 1894, and from a careful study of the testator's own construction placed upon this instrument in his disposition of his property and his last will and testament, the court is of the opinion that the donor, in such instrument, intended that this trust fund should be paid over by the trustee under the Morgan Jones trust to his executors, and thus become a part of his residuary estate, and be distributed under the terms and conditions of his will; and, since the instrument admitted to probate as his last will and testament is the only instrument which now speaks his purposes and desires with reference to his estate, this fund should be dealt with by his executors and trustees under and in accordance with the terms and conditions of this last will and

testament, and distributed only in accordance with the provisions therein contained.

"And the executors and trustees and the heirs of decedent and each of them at the time duly excepted to the above and foregoing ruling of the court, and to each and all the findings and conclusions above set forth."

On January 18, 1917, the executors of said estate filed their final report, in which they state:

"As executors of the estate of Grenville M. Dodge, we have in our possession the cash securities of the Morgan Jones trust, for which we have kept separate books and accounts from those of the estate. These assets in said Morgan Jones trust we will continue to hold, pending further order of this court under our application for instructions heretofore presented, and now under advisement by the court."

On February 5, 1917, the court entered an order on said final report, in which order the court directed the executors with regard to turning over the residuum of said estate in their hands to trustees, and said order contained the following provisions:

"But the said executors are to still hold and retain in their possession, subject to the further order of this court, the properties and assets belonging to the trust known as the Morgan Jones trust, and it is further ordered and adjudged that the said executors and each of them be, and they hereby are, released and relieved of all further responsibility and obligation as executors of the estate of the said Grenville M. Dodge, deceased, subject only to their retention, as aforesaid, of the assets of the said Morgan Jones trust."

On March 22, 1919, the trustees under the will of said decedent filed an application in said matter for an order directing the executors to file a final report relative to the Morgan Jones trust, including the assets retained under the order of February 5, 1917, and the trustees pray an order directing them to administer the said Morgan Jones trust as of the date of January 3, 1917, and in accordance with the will of testator respecting the residuary estate. To this application for an order the appellants filed an answer, denying that said Morgan Jones trust fund passed under the will of the said testator, and claiming

and alleging that said funds are the property of said appellants and one Lettie D. Montgomery, the daughters and only children of said testator.

A hearing was had on the question thus tendered, and on August 6, 1919, the court entered an order holding that the previous order of January 4, 1917, was a final order, and ordering and directing the executors of said estate to surrender and pay to the trustees the proceeds of the said Morgan Jones trust fund. From said order this appeal is prosecuted.

I.   The first question for our determination is with regard to the effect to be given to the finding and order of the court entered January 4, 1917. It is the contention of appellants that said order was only a recital of findings and an opinion by the court, and that the same did not constitute a judgment or decree, and was not an appealable order. It is apparent that in said matter a definite and certain issue was presented for determination by the court. It was not an idle proceeding. The parties were not merely soliciting the ''opinion'' of a judge as to what, in his judgment, might be the proper construction to be placed upon the instruments executed by the testator.

All parties appeared before the court at a fixed time, and presented a definite issue involved in the due administration of the estate of the testator. The question was squarely presented by proper pleadings. These appellants, by proper application filed in said proceedings, sought an order construing the several instruments in question, as vesting the title to the Morgan Jones trust fund in said applicants. The executors likewise sought an order of the court determining the matter of the disposition of said trust fund, and directing the executors how to proceed in relation thereto. In this situation, the matter was presented to the court, and on January 4, 1917, the decision of the court was rendered and made of record. This ''decision'' was something more than a mere finding of facts and an expression of an ''opinion'' by the trial court. This was a proceeding in probate. It is a matter well known to the bar of this state that practice and procedure in probate matters are not as clearly and definitely prescribed by our statutes as in other civil proceedings. Of necessity, there is less of strictly technical legal formality in such proceedings.

The order of January 4, 1917, definitely and specifically decides the very matter submitted to the court by the parties. Each party prayed for an order and "instruction" from the court with respect to the proper disposition of the Morgan Jones trust fund. Upon the issue so squarely presented, the court found and instructed that:

"This fund should be dealt with by his executors and trustees under and in accordance with the terms and conditions of this last will and testament, and distributed only in accordance with the provisions therein contained."

In this written finding and order, the court expressly preserved the exceptions of these appellants as follows:

"And the executors and trustees and the heirs of decedent and each of them at the time duly excepted to the above and foregoing ruling of the court, and to each and all the findings and conclusions above set forth."

No appeal was taken from this ruling. It was a final decision on the matter in issue, duly presented by the respective parties, and specifically decided by the court.

Code Section 3842 provides:

"Every direction of a court or judge, made or entered in writing and not included in a judgment, is an order."

In *Stowers v. Milledge,* 1 Iowa 150, the entry of a justice of the peace was as follows:

"After hearing all the testimony on both sides, it is believed that the plaintiff is entitled to $75 debt, and costs of suit, which is taxed as follows."

We said:

"We must look to the substance, and mere form becomes immaterial. Here, there can be no reasonable doubt as to the parties, or what was in dispute; and if we have the result with sufficient certainty, it is all that is required. Much would have to be presumed against the legal and ordinary effect of the language and this record, to say that the result or conclusion is not substantially stated."

See, also, *Barrett v. Garragan,* 16 Iowa 47; *Church v. Crossman,* 41 Iowa 373; *Floete v. Brown,* 104 Iowa 154; *Coffey v. Gamble,* 117 Iowa 545.

The order was an appealable order. Code Section 4101 provides:

"An appeal may also be taken to the Supreme Court from:

"1. An order made affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken; * * *

"4. An intermediate order involving the merits or materially affecting the final decision."

*In re Estate of Stone,* 132 Iowa 136; *In re Estate of Pyle,* 82 Iowa 144; *In re Estate of Behrens,* 104 Iowa 29; *Barto v. Harrison,* 138 Iowa 413.

Upon this branch of the case, we hold that the order of the court of January 4, 1917, was a final order on the precise question presented herein, with the same parties before the court and the same issue presented for determination. No appeal having been taken from said order, it is determinative of the rights of the appellants in and to the Morgan Jones trust fund.

II. It is urged that the court made a subsequent order in said matter on February 5, 1917, in passing on the final report of the executors. It appears that, when said order was entered, the court directed that the executors should still hold the properties belonging to said Morgan Jones trust fund, "subject to the further order of the court." The order of February 5, 1917, was entered by a different judge than the one who entered the order of January 4, 1917; and in passing upon the application herein, the court expressly finds that said judge had no knowledge that the prior order had been entered. There was no application at that time to vacate or modify the order of January 4, 1917; and the court, in entering the order of February 5, 1917, did not have before it, nor did it assume to pass upon, the question of the proper disposition of the Morgan Jones trust fund. In the final report, the executors state:

"The assets in said Morgan Jones trust we will continue to hold, pending further order of this court under our application for instructions heretofore presented, and now under advisement by the court."

It is obvious that neither the executors nor the then presiding judge knew that a decision had been rendered on the previous application for an order. The order did not vacate or

supersede the order of January 4, 1917, nor is it necessarily inconsistent therewith. It did not change the rights of the parties, as fixed by the order of January 4, 1917.

III. What we have heretofore said necessarily disposes of this appeal adversely to the appellants. The appellants, however, in their answer filed in this case, suggest to the court that the "opinion" filed January 4, 1917, was made

2. Judgment: amendment, correction, and review: orders in probate.

under misapprehension of the facts, and that the same should be reconsidered and modified; and they ask that this be done.

Assuming (without deciding) that, upon a proper showing, the court in probate would have power to review a previous order of the court, before the estate was finally settled and the executors discharged, we are of the opinion that there was no showing made in the instant case warranting such review. The order of January 4, 1917, was properly entered, upon issues duly presented and upon hearing had, and no showing was made in the instant case justifying a reopening and reconsideration of that question, even if the court had power to do so. We have, however, examined fully the question presented on said original hearing and by the answer of the appellants in the instant case, and upon the merits of the case we reach the same conclusion as did the trial court. So far as known, the testator left no will of February 3, 1890, referred to in the trust agreement. The will admitted to probate

3. Trusts: construction: control by trustor.

expressly refers to the Morgan Jones trust fund, and we are of the opinion that the said fund passed under the residuary clause in said will. We are likewise of the opinion that the trust agreement creating the Morgan Jones trust fund did not vest the absolute title to any portion of said fund in the appellants.

The order appealed from must be, and the same is, in all respects,—*Affirmed.*

Evans, Arthur, and De Graff, JJ., concur.