246 S.W.2d 385 (1952)
CONLEY
v.
DEE et al.
No. 28240.
St. Louis Court of Appeals, Missouri.
February 19, 1952.
James R. Anderson, St. Louis, for appellants.
I. H. Gamble, St. Louis, for respondent.
WOLFE, Commissioner.
This is an action in unlawful detainer for possession of a flat in St. Louis County. The suit originated in a magistrate court *386 there but went on change of venue to a magistrate court in Jefferson County, where there was a finding for the plaintiff, and the cause was appealed to the circuit court. Upon trial de novo by the circuit court without a jury the plaintiff again prevailed and the defendants prosecute this appeal.
Alice V. Conley, who was the only witness called in this case, testified that she purchased a two-family flat in Richmond Heights in St. Louis County from a man named Buvick with the intention of residing on the first floor. At the time of the purchase Buvick lived on the second floor of the flat. His brother-in-law occupied the lower floor and Mrs. Dee, his mother, lived with him. Mrs. Conley did not know of the relationship between the tenant and the owner of the building at the time of the purchase. She obtained the required permission under the federal housing act to occupy the property and served a notice to terminate the tenancy on July 26. On June 1, Mrs. Dee gave her a check and said that her son wanted a receipt. The receipt was prepared and read that the sum received was rent due from July 1 to August 1.
Mrs. Conley testified that after signing the receipt she decided that she had made a mistake and offered to return the check to Mr. Dee but he declined it. She then served other notices of termination of tenancy, one of which was directed to Timothy Dee and the other to Mrs. John Dee. When she went to the house to serve the notices, Mrs. Dee answered the door and called Timothy Dee to whom Mrs. Conley handed both notices. Mrs. Dee told Mrs. Conley that she lived with her son, who supported her, and that he was building a house to which they were going to move. When they did not move, Mrs. Conley called again at which time Mrs. Dee said to her: "My son said to go ahead and sue, do whatever you want to, we are not moving." Mrs. Conley was asked on cross-examination if Mrs. Dee was one of the tenants, to which she replied: "I do not know what they are, except they are both living there. She told me her son supported her, is all that I know. That is all I know of their family relations and monetary arrangement." She further stated: "You see at that time I knew nothing about them at all. I just knew the mother and son were living there * * * I don't know who paid the rent, except what she told me that he did." The rental paid by Timothy Dee was $35 per month and five months rent was due at the time of the trial.
At the conclusion of the plaintiff's case the defendants filed a motion to dismiss the action on the ground that no notice to terminate the tenancy had been served upon Mrs. Dee. This motion was overruled and the court entered a judgment directing restitution to the plaintiff of the property unlawfully detained and awarded plaintiff a judgment against defendants for "$175 rent and $100 as damages".
The appellants contend that the action should have been dismissed upon their motion at the close of the plaintiff's case because the notice to terminate the tenancy was not served upon Mrs. Dee personally. It does not, however, appear from the record that the relation of landlord and tenant ever existed between the plaintiff and Mrs. Dee. Timothy Dee paid the rent and his mother lived with him. Since Mrs. Dee was not a tenant there was no tenancy to terminate by notice or otherwise. It is evident, however, that this action was brought under that portion of Mo.R.S.1949, § 534.030, V.A.M.S. which relates to persons holding over lands or property after the termination of the time for which they were rented to them, and in order to maintain the action under this portion of the section, the relationship of landlord and tenant must have existed. Leone v. Bilyeu, 361 Mo. 974, 238 S.W.2d 317; McIlvain v. Kavorinos, Mo.App., 212 S.W.2d 85; Bruner v. Stevenson, Mo.App., 73 S.W.2d 413; Barber v. Todd, Mo.App., 128 S.W.2d 290. It is therefore equally apparent that while it was not necessary to serve any notice upon Mrs. Dee the action itself could not be maintained against her because she was not a tenant. It follows that at the close of plaintiff's case the court should have dismissed as to defendant Mrs. John Dee.
*387 It is asserted that the court erred in assessing $100 damages in addition to the rent of $175. Mo.R.S.1949, § 534.310, V.A.M.S., provides that damages allowable under a verdict for the plaintiff in unlawful detainer actions shall be for waste and injury committed upon the premises found to be unlawfully detained, as well as for all rents due and owing up to the time of the return of the verdict. There appears to be no dispute as to the monthly value of the rents, for it was $35 per month that Timothy Dee had been paying, and since there was at the time of judgment five months rent unpaid the sum of $175 designated as the rent owing was an amount to which the plaintiff was entitled. There was, however, no proof of any waste or injury committed upon the property by the defendants, and although an unlawful detention in violation of plaintiff's rights might justify an award of nominal damages, Del Commune v. Bussen, Mo.App., 179 S.W.2d 744, there must be proof of the damages done when a sum beyond nominal damages is sought. We therefore conclude that the learned trial judge erred in assessing $100 damages, for the evidence does not support the award.
The evidence relating to the value of the rent had not been introduced at the time plaintiff's counsel announced that her case was closed, and after the defendants filed their motion to dismiss the action the court allowed the plaintiff to reopen the case for the purpose of supplying this omitted evidence. It is asserted that this constituted error. We are cited to no authorities, and indeed none of persuasion could be cited, for it is well established in Missouri that the trial court may in its discretion allow a case to be reopened to afford a fair hearing of the issues before him. A litigant should not be precluded from offering additional evidence simply because counsel has rested his case. This applies where, as here, the reopening of the case is allowed after a motion to dismiss the action has been filed by the defendant. Crosby v. Evans, 281 Mo. 202, 219 S.W. 948; Thos. Cusack Co. v. Lubrite Refining Co., Mo.App., 261 S.W. 727; Bommer v. Stedelin, Mo.App., 237 S.W.2d 225.
The complaint in this case was amended by leave of court to conform with the proof and it is contended that the court erred in allowing the amendment. Mo.R.S.1949, § 534.170, V.A.M.S. provides that a complaint in unlawful detainer actions may by leave of court be amended at any time in furtherance of justice, and this assignment is without merit.
Counsel have stated that restitution of the property has been made and the plaintiff is in possession, so we are only concerned at this time with the damages allowed and the propriety of the court's action in entering a judgment against Mrs. John Dee. As we have said above, there was no proof of her tenancy and for this reason the court should have dismissed the action as to her. There was no proof of damages other than rent, so the judgment for damages should be restricted to the value of the rents for the period of detention.
The case was tried by the court without a jury, so we are obliged under Mo.R.S.1949, § 510.310, V.A.M.S., to review it as we do in suits of an equitable nature, which means that it is tried de novo on appeal. Under Mo.R.S.1949, § 512.160 (3), V.A.M.S., we are obliged to give such judgment as the trial court should have given. Wells v. Goff, 361 Mo. 1188, 239 S. W.2d 301.
We, therefore, for the reasons heretofore stated, reverse the judgment as to defendant Mrs. John Dee and reverse and remand as to Timothy Dee with directions to enter a judgment in favor of the plaintiff and against Timothy Dee in the sum of $175.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The judgment of the circuit court is accordingly reversed as to defendant Mrs. John Dee and reversed and remanded as to Timothy Dee with directions to enter a judgment in favor of the plaintiff and against Timothy Dee in the sum of $175.
BENNICK, P. J., and ANDERSON and RUDDY, JJ., concur.