Sam MASSEY and Opal Massey, Plaintiffs-Respondents,

v.

George GOFORTH and Fanny Goforth, Defendants-Appellants.

No. 7603.

Springfield Court of Appeals.
Missouri.

Oct. 9, 1957.

John M. Bragg, Ava, for defendants-appellants.

James E. Curry, Ava, for plaintiffs-respondents.

STONE, Judge.

In this court-tried action of unlawful detainer, defendants appeal from the judgment of the circuit court entered on September 20, 1956, directing restitution to plaintiffs of a country store building, filling station and residence in Douglas County, Missouri (known as the Gentryville General Store and hereinafter referred to as the rented premises), finding that plaintiffs had sustained damages of $98 to date and that the rental value of the rented premises was $110 per month, and entering judgment for plaintiffs in the sum of $196 (double the damages found) and for $220 per month (double the rental value) until restitution of the rented premises. See Section 534.330. (All statutory references herein are to RSMo 1949, V.A.M.S.) Possession of the rented premises has been restored to plaintiffs, and we now are concerned only with defendants' contention that the judgment for $196 cannot stand for want of evidence to support the finding of damages in the sum of $98.

Defendants took possession of the rented premises on September 26, 1955, under an oral agreement with plaintiffs, the owners, which created a tenancy from month to month and provided for payment of a monthly rental, at the end of each contract

month, of either $40 or a sum equivalent to one cent per gallon on all gasoline sold on the rented premises during such contract month, "whichever was the greatest." Admittedly, defendants never paid more than $40 for any contract month. On May 19, 1956, plaintiffs caused a written notice to be served on defendants, demanding possession of the rented premises on June 26, 1956. With defendants continuing in possession, this action was instituted on August 2, 1956.

■ It is clear, from the plain language of Section 534.310, that (in the event of a finding for complainant) damages shall be assessed not only "for waste and injury (if any) committed upon the premises" but also "for all rents and profits due and owing" to the time of judgment. Conley v. Dee, Mo.App., 246 S.W.2d 385, 387; McIlvain v. Kavorinos, Mo.App., 212 S.W.2d 85, 89(5), modified in other respects 358 Mo. 1153, 219 S.W.2d 349. Instant plaintiffs made no claim for, and offered no evidence of, damages for waste and injury, so the damages of $98 assessed by the trial court must have been for rents and profits to the time of judgment. Damages for rents and profits in an action of unlawful detainer normally may be measured by, and assessed on the basis of, the reasonable rental value of the rented premises during the period of their unlawful detention, i. e., from the date on which complainants become legally entitled to possession of such premises to the date of judgment. Del Commune v. Bussen, Mo.App., 179 S.W.2d 744, 748(6); McIlvain v. Kavorinos, supra, 212 S.W.2d loc. cit. 89(6); annotation 32 A.L.R.2d 582, 588–593, § 4. However, defendants in the case at bar paid, and plaintiffs accepted without protest, rent of $40 for each rental period to and including the month ending on August 25, 1956; and, there being no suggestion in the briefs that plaintiffs claim damages for rents and profits other than for the period of twenty-six days from and including August 26 to September 20, 1956 (the date of judgment), our inquiry is as to the reasonable rental value of the rented premises during that period.

■ Although the rental value of real estate is a proper subject of opinion evidence by a qualified witness [20 Am.Jur., Evidence, § 899, pp. 755–756; 32 C.J.S. Evidence § 545d(1), loc. cit. 296, ff. 30; annotation 44 L.R.A.(N.S.) 501, 503], we note the conspicuous absence of any such evidence in this case. Contrast McIlvain v. Kavorinos, supra, 212 S.W.2d loc. cit. 87; Ashenhurst v. Johnson, Mo.App., 167 S.W.2d 397, 399(7), certiorari quashed State ex rel. Johnson v. Blair, 351 Mo. 1072, 174 S.W.2d 851. Plaintiffs did show that, *until about one month prior to trial,* the filling station at the Gentryville General Store (a portion of the premises rented to defendants) had been "leased" to Cities Service Oil Company, which had been paying to plaintiffs $20 per month and one cent per gallon for all gasoline delivered by Cities Service to this station; and, over vigorous objections by defendants' counsel, plaintiffs introduced into evidence copies of "U.S. Information Returns" (on Form 1099 of the Internal Revenue Service) for the calendar years of 1954 and 1955, purporting to establish that Cities Service had paid to plaintiffs the aggregate sum of $819.34 during 1954 and the aggregate sum of $787.56 during 1955, or an average of $66.95 per month during that two-year period. But, *even if* it were conceded that the reasonable rental value of the rented premises *during 1954 and 1955* (the period covered by the "U.S. Information Returns") might be determined by adding the aforesaid average monthly payment of $66.95 by Cities Service to the monthly rental of $40 paid by defendants (after September 26, 1955), certainly a rental value of $110 per month *during the period from August 26 to September 20, 1956* (the period for which plaintiffs may recover) could not, *on the record before us,* be justified or supported on the same ingenious theory by assuming and using the same average monthly payment of $66.95 by Cities Service. For plaintiff, Sam Mas-

sey, testified positively and significantly on September 20, 1956, that *"about a month ago"* the company (Cities Service) wrote me a letter and told me that in the last year that they'd lost money on the station continually and they didn't want a lease on it any longer" and that, although "off-hand" he could not say "exactly how much" the gallonage at the station had declined, he knew that it was "down considerable" and that "I'm not gettin' as much out of it this year as I was last year." Furthermore, although plaintiffs asserted that defendants' rental payments for some months (computed on a gallonage basis) should have been in excess of the base monthly rental of $40 actually paid, no evidence was offered as to the gallonage sold on the rented premises during any given month or during any portion of 1956.

██ The burden rested upon plaintiffs to prove every essential, contested element of their case [McIlvain v. Kavorinos, 361 Mo. 749, 758, 236 S.W.2d 322, 327(10); Kaimann v. Kaimann Bros., Mo.App., 182 S.W.2d 458, 463(20)], and we may not approve findings resting on nothing more tangible than a gossamer web of shimmering speculation and finely-spun theory. Compare Baldwin v. Desgranges, 355 Mo. 959, 971–972, 199 S.W.2d 353, 358(5); Federal Cold Storage Co. v. Pupillo, 346 Mo. 136, 145, 139 S.W.2d 996, 1001(4, 5). Proof of the monthly rental of $40 being paid by defendants was the *only* competent and substantial evidence affording any basis for a finding as to the reasonable rental value of the rented premises during the period under consideration. Del Commune v. Bussen, supra, 179 S.W.2d loc. cit. 748 (6); annotation 32 A.L.R.2d loc. cit. 593–597, § 5. It being our duty in this court-tried case to give such judgment as the trial court ought to have given [Section 512.160(3); Conley v. Dee, supra, 246 S.W.2d loc. cit. 387(11)], we find the value of the monthly rents and profits of the rented premises to have been $40 during the period from August 26 to September 20, 1956, and that plaintiffs sustained damages

of $33.55 (i. e., 26/31 of $40). Under Section 534.330, entry of judgment for double the amount of damages found to have been sustained by plaintiffs is mandatory. Nelson v. Alporte, 161 Mo.App. 605, 608, 143 S.W. 519, 520(1); Hadley v. Bernero, 97 Mo.App. 314, 326, 71 S.W. 451, 455(7); Bierkenkamp v. Bierkenkamp, 88 Mo.App. 445, 449(3).

The judgment of the trial court is set aside and the cause is remanded with directions to re-enter, as of September 20, 1956, the judgment for plaintiffs for restitution of the rented premises, and to enter, as of the same date, judgment for plaintiffs and against defendants in the sum of $67.10 (double the damages found) and for costs.

McDOWELL, P. J., and RUARK, J., concur.