## CARR v. BOSWORTH & SONS ET AL.

1. **Judgment:** FORECLOSURE: WHERE RECORDED. The decree of foreclosure involved in this case is assailed on the ground that it was recorded in a book entitled " Decrees of the Foreclosure of Mortgages," whereas it is claimed that Code, § 197, requires all proceedings, judgments and decrees to be entered in one book, to be known as the " Record Book;" but *held* that the statute is directory only, and that the decree was not void on account of being entered in a book used for such decrees alone.

*Appeal from Palo Alto District Court* — HON. LOT THOMAS, *Judge.*

TUESDAY, OCTOBER 11.

ACTION in chancery to quiet the title of certain lands in plaintiff. The defendant Weil answered, denying the allegations of the petition, and filed a cross-petition setting up title in himself, which was dismissed, and he appeals.

*Harrison & Jenswold*, for appellant.

*Soper, Crawford & Allen*, for appellee.

BECK, J.— I.   The facts upon which the decision turns are undisputed, as shown by the record before us.   Plaintiff claims title to the land under a sheriff's sale made upon a decree of foreclosure.   The defendant Weil's title is based upon a sheriff's sale made upon a judgment junior to the mortgage under which plaintiff claims.   Defendant insists that the foreclosure sale upon which the deed to plaintiff was executed is void, and asks permission to redeem from the mortgage, and, upon redemption being ordered, that plaintiff, who is and has been in possession of the land, be required to account for the rents and profits thereof.

II.   The ground upon which defendant maintains that the foreclosure decree is void is this: The decree was entered by the clerk of the district court wherein it was rendered, in a record book designated as " Decrees of the Foreclosure of Mortgages," in which such decrees, and nothing else, were kept of record. Other proceedings of the court were entered in a general record book, except defaults, which were entered in a separate book, which was called the " Default Docket." These books and the general record book were all indexed together in a common index book. The decrees in the decree book referred to were also entered in the judgment docket. The position of defendants' counsel is that the book in which the decree of foreclosure under which plaintiff claims was entered is unauthorized by law, and the decree is therefore void. They insist that the statute (Code, § 197) authorizes and permits the clerk to keep but one book in which all proceedings, judgments and decrees are required to be entered. The part of the section relied upon by counsel is in this language: " The clerk is required to keep the following books, in which shall be entered the business of the district and circuit courts severally: (1) A book containing the entries of the proceedings of the court, which may be known as the ' Record Book', and which is to have an index referring to each proceeding in each cause under the name of the parties, both plaintiffs and defendants, and under the name of each person named in either party." The section further provides for keeping a " Judgment Docket," a " Fee-Book," a " Sale-Book," a " Complete Record Book," an " Incumbrance Book," an " Appearance Docket," and an " Index of all Liens," existing in the records of the court.

The point made by counsel for defendant is that this provision of the statute authorizes but one book to be kept by the clerk wherein decrees of foreclosure must be entered with other judgments of the court. In our opinion, the statute, so far as it requires the clerk to keep a book, one book to be known as the " Record Book," is directory merely,

and not compulsory, and a strict compliance with its language is not demanded. The purpose and spirit of the law is to require the proceedings to be kept of record in a book. If convenience in the disposition of the business of the court demands it, and the rights of the parties are not prejudiced thereby, the statute is not imperative in its requirements, but leaves the matters to the discretion of the proper officers or the court to provide an additional book or books, in which a part of the business of the court shall be entered. Statutes pertaining to the mode of proceedings by public officers are directory, and precise compliance with their requirements is not required. *Dishon v. Smith*, 10 Iowa, 212; *Parish v. Elwel*, 46 Id., 162. See, also, Potter's Dwar. St., 221, 222, and notes.

No possible prejudice to the rights of the parties, which would result from the entry of the decree in the book of "Decrees of the Foreclosure of Mortgages," has been suggested. We are informed that in many counties of the state foreclosure decrees are entered of record in this manner. Hundreds of decrees would be rendered invalid, and the titles of property of immense value would be disturbed, by a decision of this court in accord with the position of defendants' counsel. It would be, indeed, a bold court which, following the language of the statute rather than its spirit, would hold the decree upon which plaintiff's title is based void, on the ground that it is not recorded in a book which contains all the proceedings of the court rendering it.

The decree of the district court is

AFFIRMED.