S. D. BROWN, Appellee, v. M. G. BARNGROVER *et al.*, Appellants.

1. **Judgments by Confession**: RECORD: VALIDITY. A confession of judgment, reciting that it is upon notes given "for value received in one Sweepstakes separator," sufficiently states how the indebtedness arose.

2. ———— : ———— : CONFIRMATION. A confession of judgment which is entered in a book entitled "Record of judgments by confession," instead of in the record of the ordinary proceedings of the court, and which is not approved by the court until attacked for that reason in an action more than five years after its date by the judgment debtor, is valid.

3. **Express Trusts**: EVIDENCE: JUDGMENT: LIEN. Where G., being the owner of both the legal and equitable title to real estate, conveyed the same by quitclaim deed to I. for the purpose of having the latter convey the same by warranty deed to a prospective purchaser, but such conveyance was not made, and a judgment was

rendered against I. while the land was so held, *held*, that the transaction was in the nature of an express trust, which could not be established by parol, and that, in the absence of competent evidence of such trust, the said judgment was properly held to be a lien upon the land as the property of I.

4. **Estoppel: EVIDENCE.** A letter written by a judgment creditor to the owner of real estate, on which said judgment was a lien of record saying, " We have received payment in full for this judgment, and it has been canceled from our books," will not operate as an estoppel against the enforcement of said judgment against the land by an assignee of said judgment under an assignment made prior to the writing of said letters.

5. **Pleading and Practice : CROSS-PETITION : RELIEF.** Where the claim of a cross-petition has properly been determined under the issues presented by other pleadings in the case, the cross-petition will not be taken as confessed because of the failure to answer the same.

*Appeal from Taylor District Court.*—HON. JOHN W. HARVEY, Judge.

FRIDAY, FEBRUARY 6, 1891.

THE plaintiff's petition shows a written contract between the plaintiff and M. G. Barngrover, whereby an exchange of real estate was agreed upon ; the plaintiff giving a certain house and lot in Bedford, subject to a mortgage of one hundred dollars, which the defendant assumed for a certain one hundred and sixty acres of land, subject to a mortgage of eighteen hundred dollars, which the plaintiff assumed. That afterwards the defendant handed to the plaintiff a deed conveying said land, and an abstract purporting to show the title thereto, and the plaintiff gave to the defendant a deed conveying said lot. The plaintiff alleges that he took said deed and contract for inspection only, and found that the abstract was incorrect in that it showed a judgment in favor of C. Aultman & Co., with a statement that would imply that it was paid, when, in fact, as defendant, E. J. Barngrover, knew, it was not paid, and when the plaintiff so learned he refused to proceed further, and demanded the return of his deed to the lot, which the defendants refused. He alleges that the

defendants are insolvent, and brings their deed and abstract to the land into court, and asks that the defendants may be decreed to remove all liens except the eighteen-hundred-dollar mortgage; that they be enjoined from clouding the title to the lot, and, in the event they fail to remove the incumbrances, that the plaintiff have judgment for the money advanced on the contract, with interest; and that the same be made a lien upon the one hundred and sixty acres; and for general relief.

The defendants answered, denying that said judgment is a lien upon the land, and alleging that C. Aultman & Co. are estopped from enforcing said judgment against the land, by a letter set out, written by C. Aultman & Co., to the defendant, J. E. Barngrover; that the plaintiff saw that letter at various times before the consummation of the contract, and made the contract relying thereon; that said judgment is by confession, in vacation, and has never been approved or signed by the court at any subsequent time; that the sworn statement upon which the confession was made does not state how the indebtedness arose; that no record thereof was ever made on the court record, wherefore the same is void; that, at the time said judgment was obtained, the title to the one hundred and sixty acres was in Isabella Garron, one of said judgment debtors, in trust for William Garron, the real owner, the same having been conveyed to Isabella for the purpose of a prospective sale. The defendant, M. G. Barngrover, alleges as cross-claim that, in the consummation of said contract, the plaintiff became indebted to her in the sum of two hundred and twelve dollars and seventy cents, and executed his note therefor, but afterwards by false pretenses got possession of said note, and destroyed the same, and ever afterwards refused to execute another note or notes for said sum, wherefore she asks judgment. G. B. Haddock was made a defendant, and answered that he is the owner of the Aultman & Co. judgment by purchase, and asks that the cross-bill of the defendant Barngrover be dismissed, and that the judgment now

have the approval of the court. A decree was entered in favor of the plaintiff, and the defendants Barngrover appeal.—*Affirmed.*

*McCoun & Barngrover*, for appellants.

*Crum & Haddock*, for appellee.

GIVEN, J.—I. We first inquire as to the validity of the judgment confessed by Isabella Garron and

1. JUDGMENTS by confession: record: validity.

others in favor of C. Aultman & Co. The sworn statement upon which the judgment was entered shows that the parties making it were justly indebted to C. Aultman & Co., and states that the indebtedness arose as follows: "On or about the twenty-sixth day of July, 1881, the said Isabella Garron, George Garron, N. R. Riley and J. A. Scroggie, made, executed and delivered to the said C. Aultman & Co. their three certain promissory notes in writing, words and figures as shown by copies of said notes hereto attached, marked Exhibits 'A,' 'B' and 'C,' respectively, and made a part hereof." The notes recite that they were given "for value received on one Sweepstakes separator." This was a sufficient statement of the facts out of which the indebtedness arose. See *Miller v. Clarke*, 37 Iowa, 328, and cases cited therein.

II. This judgment was not entered in the record of the ordinary proceedings of the court, but was entered

2. ——:——: confirmation.

in what is known as "record of judgments by confession" that form a part of the records of the court. It is a common, if not universal, practice in this state to keep records other than the ordinary journals of the court, in which judgments by confession and by default are entered, and is sustained by *Carr v. Boswith*, 72 Iowa, 530. The records may be so kept, and thus entering this judgment was the making of a proper record thereof.

This judgment was entered January 28, 1884, and confirmed on the nineteenth day of October, 1889, of said court, at the September term thereof. While this

confirmation was long after the entry of the judgment, and probably in pursuance of the prayer of the defendant Haddock in his answer, no reason appears why the court might not then confirm the judgment. *Vanfleet v. Phillips*, 11 Iowa, 560. We are of the opinion that the judgment was properly confessed, recorded and approved, and is a valid judgment.

III. By the written contract, plaintiff is entitled to have the land free from all incumbrances except the eighteen-hundred-dollar mortgage which he assumed. It is claimed that the judgment in favor of C. Aultman & Co., though valid, did not become a lien upon the land, because Isabella Garron, the judgment debtor, through whom the lien is claimed, only held the naked legal title in trust for William Garron, the real owner. The testimony of George Garron and of Isabella Garron, taken subject to objection, tends to show that William Garron had made a sale of the land to a party who refused to accept a quitclaim deed; that William Garron, being unwilling to give a warranty, quitclaimed to Isabella that she might make a warranty deed to the purchaser; that this sale fell through, and the title remained in Isabella; that she, at the instance of William, gave the eighteen-hundred-dollar mortgage, and thereafter reconveyed to him. The judgment, under notice, was entered while the title stood in Isabella. This evidence clearly tends to establish an express trust, but as said in *Andrew v. Concannon*, 76 Iowa, 253: "This cannot be done by parol. Such a trust must be evidenced in the same manner as conveyances of real estate." Code, secs. 193, 194. We think the evidence was inadmissible, and, as there is no other evidence of the trust alleged, we must hold that the judgment became a lien upon the land as the property of Isabella Garron.

IV. The letter received by defendant, J. E. Barngrover, and relied upon as an estoppel, was received by him soon after its date, July 13, 1888, and says: "We have received payment in full for this judgment, and it has been canceled from our

3. EXPRESS trusts: evidence: judgment: lien.

4. ESTOPPEL: evidence.

books." This is not an acknowledgment of payment in full of the judgment, but that they had "received payment in full for this judgment;" a statement that is shown to be true by the fact that in January previous the company had sold and assigned the judgment to defendant Haddock. It is true that upon casual reading one might infer that the judgment had been paid, and it is probable that the plaintiff at one time so believed, but it is evident that J. E. Barngrover knew that it had not been paid, but was assigned to and claimed by defendant Haddock, a fact which he did not disclose to the plaintiff. The plaintiff, though knowing of the letter, questioned whether the title was clear, and upon the refusal of the clerk to certify to the abstract, insisted upon holding the deeds in escrow until the fact was ascertained. There is no pretense that the judgment had been paid, and we have seen that it was a valid judgment, a lien upon the land, and that the plaintiff by his contract was entitled to have the land free from that lien. These conclusions render any further discussion of the facts unnecessary, as it is evident that the plaintiff is entitled to relief.

V. No answer was made to the cross-claim of defendant, M. G. Barngrover; wherefore the appellant claims that it should be taken as confessed, and he be allowed the sum claimed. That claim arose from, and was a part of, the transaction by which the exchange of properties was made, and was within the issues joined, and proper to be considered if no cross-claim had been pleaded.

5. PLEADING and practice: cross-petition: relief.

Questions made as to the record were all obviated by filing a transcript. We have not noticed each finding in the decree, but upon examination thereof, and of the whole record, conclude that the decree of the district court should be AFFIRMED.