THEODORE COFFEY AND W. L. BATTIN, Plaintiffs, v. JAMES D. GAMBLE, Judge, Defendant.

**Dissolving of Injunction:** WHAT IS SUFFICIENT ORDER FOR. The filing of a decision, in a suit by an abutting owner to restrain a town from doing work on a street, that the "temporary injunction granted in this case should be dissolved," and the "petition should be dismissed on the merits," constitutes a dissolution of injunction, without the entry of a formal decree pursuant to the decision and hence the officers of the town performing work on the street after the filing of the decision, but before the entry of the formal decree, were not guilty of contempt for violating the injunction.

**CONTEMPT:** *Evidence in mitigation.* In proceedings for contempt for violating an injunction, evidence that the judge stated that the injunction was dissolved, that no formal decree was necessary, and that the persons enjoined might proceed, is admissible in mitigation.

*Advice of counsel.* In proceedings for contempt for violating an injunction, evidence that defendant acted on the advice of counsel is admissible in mitigation.

**Certiorari:** *Exception to order below not required.* A person adjudged guilty of contempt may test the legality of the proceedings by *certiorari*, though he did not except to the judgment against him; *certiorari* not being in the nature of an appeal, but in the nature of an original proceeding.

MONDAY, OCTOBER 13, 1902.

ACTION of *certiorari* to review certain proceedings wherein plaintiffs were adjudged guilty of contempt.— *Annulled.*

*Frank B. Wilson* and *J. G. Culver* for plaintiffs.

*Hager & Haddock* and *H. J. Chapman* for defendant.

DEEMER, J.—W. B. Burget brought action against the town of Greenfield to restrain it from doing certain work on the streets of the town in front of his (Burget's) property. A temporary writ of injunction was issued as prayed, without notice, which was duly served on the defendant town. Thereafter the case was tried on its merits at the regular September, 1901, term of the Adair county district court, and taken under advisement by the presiding judge, the Honorable J. H. Applegate; "the decree, by agreement, to be entered in vacation as of the date of the filing of the same with the clerk." Thereafter, and on the 2d day of October, 1901, the said trial judge wrote out and caused to be filed with the clerk of the Adair county district court, a written opinion and decision, which concluded as follows: "I reach the conclusion that the temporary injunction granted in this case should be dissolved, and that plaintiff's petition should be dismissed on its merits." To all of which the plaintiff at the time duly excepted. Learning of this order, plaintiffs herein, who are and were members of the town council of the town of Greenfield, directed the street commissioner to proceed with the work in front of Burget's property, which they undertook to do, and continued therein until October 5th, when one of the judges of this court made an order, the material parts of which are as follows: "Application for a restraining order in the above-entitled case having this day been made to me by the above-named plaintiff, and being duly advised in the premises, it is ordered that the same be finally submitted on Thursday, the 10th day of October, at 9 o'clock a. m., in the state capitol, at Des Moines, Iowa, before any of the judges of the said supreme court; the defendant to be served with at least three days'

written notice of said application. It is further ordered that the injunction heretofore issued by the district court of Adair county, Iowa, be revived and continued in force as issued until the final hearing on said application, provided the plaintiff at once gives notice of an appeal from the ruling dismissing the said injunction." On October 7th a formal decree, signed by Judge Applegate, dismissing Burget's petition, was filed in the office of the clerk of the Adair county district court; and on the same day Burget served on the town notice of the aforesaid order made by one of the justices of this court. On the 8th, Burget gave notice of appeal to this court, and filed the bond required of him by the aforesaid order. On the 10th day of October the parties appeared before one of the justices of this court, when a final order was made as follows: "It is ordered that the original injunction heretofore issued in this case be, and it is hereby, revived and continued in full force and effect in all its provisions in so far as the sidewalk along and in front of the west side of plaintiff's property is concerned, and including all that part of the street, embraced between plaintiff's lot line and the curb line, being twelve feet in width along the west side of plaintiff's property; and, in regard to this part of said street, said injunction is revived and continued on condition that plaintiff shall file a bond in the sum of $500 within five days from this date." Affidavits were then filed charging plaintiffs herein with contempt in violating the temporary writ of injunction issued on Burget's petition against the town, and on hearing before the defendant herein they were adjudged guilty, and each sentenced to pay a fine and costs. This *certiorari* proceeding is to review the action of the defendant in adjudging plaintiffs guilty of contempt. No claim is made that plaintiffs have violated any order or mandate issued by this court, or by any of the judges thereof; and, aside from some incidental questions to be hereafter noted, the main contention is that they violated

the original temporary injunction, in instructing the marshal and street commissioner on October 4th to proceed with their work upon the street in front of Burget's property.

Granting that the original writ was properly issued, the question remains, when, if ever, was it dissolved? On the one side it is contended that, in view of the orders made by one of the justices of this court, there never was a time, from the issuance of the original writ down to the present, when the temporary injunction was not in force; while on the other it is insisted that the injunction was in fact dissolved on October 2, 1901, and was not revived until October 8th, or at least not before October 5th, when the first order was made by one of the judges of this court, and that what was done by plaintiffs on October 4, 1901, was lawful, and not in contravention of the restraining order issued in the main case. The solution of this sharply defined issue rests upon the effect to be given the decision and opinion of Judge Applegate filed on October 2, 1902.

But preliminary to a determination of that question there is a point which is presented for our consideration that must be disposed of. Plaintiffs herein, through their attorney, offered to show certain conversations had by the attorney with Judge Applegate with reference to his decision in the main case, to the effect that he had dismissed plaintiff's petition and dissolved the injunction, that no formal decree was necessary, and that his clients might proceed with their work in and upon the street without violating the injunction. Under our practice there is no distinction, in form or manner of entry, between a judgment and a decree; but there is a manifest difference between a mere opinion and a decision. The former is a statement given by the court for its conclusions, while the latter is the judgment or conclusion of the court. *Houston v. Williams*, 13 Cal. 24 (73

Am. Dec. 565.)   A judgment is a final adjudication of the
rights of the parties in an action.   Code, section 3769.
Technically speaking, a judgment is the decision or sen-
tence of the law pronounced by the court in the action or
on question before it.   *Zeigler v. Vance,* 3 Iowa, 530.   It
is the final and definitive sentence or decision of the court,
by which the merits of a cause are settled or determined.
*In re Negus,* 10 Wend. 44; *Smith v. Shawhan,* 37 Iowa,
533.   It need not be in any particular form, provided the
result, time, place, parties, etc., are so stated as to be un-
mistakable.   *Barrett v. Garragan,* 16 Iowa, 47; *Church v.
Crossman,* 41 Iowa, 373.   As a general rule, it must be
entered of record, in order to be of any validity.   *Calla-
nan v. Votruba,* 104 Iowa, 672; *King v. Dickson,* 114 Iowa,
160.   But for many purposes it is held effective from the
time it is actually pronounced.   *Miles v. Tomlinson,* 110
Iowa, 325; *Mentzer v. Davis,* 109 Iowa, 528.   This is espec-
ially true when the decision is to be made in vacation.
*Babcock v. Wolf,* 70 Iowa, 676; *Guthrie v. Guthrie,* 71 Iowa,
744; *Johnson v. Mantz,* 69 Iowa, 710.   Indeed, the *Babcock
Case, supra,* squarely holds that a decision like the one in
question is a final adjudication, and effective from the
time it was deposited with the carrier to be transmitted to
the court wherein the action was pending.   That being
true, there seems to be no doubt that the injunction in the
main case was in fact dissolved on October 2, 1901,—at the
time when the trial judge filed his decision with the clerk
of the Adair county district court, if not when he deposited
it in the mails for transmission.   On that date the trial
judge determined that the injunction should be dissolved,
and it matters little whether the terms of the order were
in the present or future tense, so long as nothing remained
to be done as a condition to the dissolution of the injunc-
tion.   The judge had announced his decision, and nothing
remained to be done but the ministerial act of entering it
of record.   Had the judge retired from office after the fil-

ing of this decision, or ceased to act as judge for any other reason, we apprehend it would not be·claimed that a formal decree entered pursuant to the decision would be void. It is expressly held that a party who has knowledge that an order for an injunction has been granted, restraining him from the performance of some act, is bound from the time he receives such knowledge, although the formal entry of the order may not at that time have been made, nor any writ issued or served. *Milne v. Van Buskirk*, 9 Iowa, 558; *Hawks v. Fellows*, 108 Iowa, 133, and cases cited; 10 Enc. Pl. & Prac. p. 1101.· Surely, if one is bound by such knowledge, he should, in fairness, be allowed to act upon the same sort of information when the injunction is dissolved. He need not, in our judgment, wait until the decree is formally entered by the clerk. A definite announcement of the court, on a proper hearing, that the writ should be ·dissolved, and plaintiff's petition dismissed on its merits, is sufficient to justify the party against whom the writ was issued in proceeding as if no order had ever been made. Any other rule would be disastrous, for it would permit a mere ministerial officer to continue an injunction in force by simply neglecting to enter of record an order dissolving the same. The opinion and decision filed by Judge Applegate annonces in clear and unmistakable terms his conclusion that the injunction should be dissolved, and there are no conditions attached. The clerk was justified in entering a formal decree on this decision, and, when entered, it should date back to the time of the filing of the decision. The decision itself seems to be unconditional, but, to save all questions on that point, plaintiffs, as we have seen, offered to show that they each took the extra precaution of having their attorney inquire of the trial judge as to his decision, and as to whether they were justified in proceeding with the work. In view of the facts heretofore recited, we think this evidence should have been received. It was certainly a circumstance which

should have been considered in mitigation, if for no other purpose. Plaintiffs also offered to show that they acted upon advice of counsel, but were not permitted to do so. That such evidence was admissible in mitigation, all the authorities agree. 4 Enc. Pl. Prac. p. 792, and cases cited.

The injunction, which, we think, was dissolved on October 2d, was not revived until Burget gave notice of appeal to this court, which, as we have seen, was on the 8th day of October, 1901. Defendant says that, as plaintiffs did not except to the judgment against them, they are not in position to complain. If this were an appeal, there would be no doubt of the soundness of their claim. But it is not. On the contrary, it is in the nature of an original proceeding to test the legality of the proceedings in the court below. *College of Physicians & Surgeons v. Guilbert*, 100 Iowa, 213.

Further, it is said that plaintiffs paid the fines assessed against them, and waived their rights to *certiorari*. The record does not support this claim, and we need not give it further attention.

We have gone over the record with care, and unite in the conclusion that the acts done by the plaintiffs, of which complaint is made, were done after the injunction was dissolved, and before it was revived by one of the judges of this court in aid of its appellate jurisdiction. The judgment finding them guilty of contempt and ordering them to pay a fine and costs is therefore ANNULLED.