RUDOLPH HARDWARE COMPANY, Appellee, v. M. F. PRICE, and L. E. LYON, trading as LYON TAYLOR CO., Appellants.

**Statutes:**   FOREIGN LAWS:  PROOF:  PRESUMPTION.  To render a printed copy of the statutes of another state admissible in evidence to prove the law of that state, the same must of itself purport to be published under the authority of the foreign state, or there must be other competent proof that the book was commonly admitted as evidence of the statute law by the courts of that state, as required by the statute of this state; and in the absence of competent proof of the law of a foreign state it will be presumed to be the same as that of this state.

**Judgments:**  RECORD EVIDENCE.  The entries required to be kept by the clerk of courts in a book called the combination docket are not sufficient to establish the rendition of a judgment; the record of the judgment itself is the best evidence and is alone admissible to prove the judgment, in the absence of any ground for the introduction of secondary evidence.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

SATURDAY, MARCH 14, 1914.

ACTION on a foreign judgment.  Directed verdict for plaintiff.  Defendants appeal.—*Reversed.*

*Remley & Calkins,* for appellants.

*W. J. Baldwin,* for appellee.

PRESTON, J.—The only evidence introduced was what plaintiff claims to be the statutes of Pennsylvania, and the certified copies of the proceedings of the court of common pleas of Allegheny county in the state of Pennsylvania, and the alleged judgment in favor of plaintiff and against defendants.

Defendants first moved for a directed verdict, which was overruled. The trial court then sustained plaintiff's motion, and rendered judgment against defendants. Appellants contend: (1) There was no competent evidence introduced to show a judgment against the defendants, or that the alleged judgment sued on was a valid judgment. (2) There was no competent evidence that the entries introduced as Exhibit A would be given the faith and credit of a judgment in the state of Pennsylvania under the Constitution and laws of the United States, or be accepted in the courts of Pennsylvania as evidence of a judgment, and that, even if admissible, the record does not show that there was a judgment either under the laws of Pennsylvania or of Iowa.

Appellee has not argued the question as to the admissibility of the books supposed to prove the laws of Pennsylvania, but says that the Pennsylvania laws are substantially the same as the laws of Iowa, and that, under our statutes, the record shows that there was a valid judgment.

I. To prove the laws of Pennsylvania, plaintiff offered in evidence Brightly's Purdon's Digest in two volumes. On the back of each volume appears the following: ''Brightly's Purdon's Digest,'' with the index letters and ''1700-1883.'' The title page is as follows: ''A digest of the Laws of Pennsylvania, from the year one thousand seven hundred to the sixth day of July, one thousand eight hundred and eighty-three, originally compiled by John Purdon, Esq., eleventh edition revised with notes to the judicial decisions, by Frederick C. Brightly, Esq., author of 'Pennsylvania Digest,' 'Federal Digest,' etc.

1. STATUTES: foreign laws: proof: presumption.

Vol. I [II]. Philadelphia: Kay and Brother, Law Booksellers and Importers, 1885.''

To the offer defendants made the following objection: ''Defendants object as irrelevant, incompetent, and immaterial: First, there is no pleading of any law of the state of Pennsylvania; none having been pleaded the offer is immaterial; second, the book offered does not purport to have been published by authority, and no evidence making it competent has been offered, the publication being wholly unauthorized by statute, so far as the same appears from the book itself, and no evidence is offered to show this digest is received by the courts of Pennsylvania as the law of that state.'' The objection was overruled.

Our statute (section 4651) provides: ''Printed copies of the statute laws of this or any other of the United States, or of Congress, or of any foreign government, purporting or proved to have been published under the authority thereof, or proved to be commonly admitted as evidence of the existing laws in the courts of such state or government, shall be admitted in the courts of this state as presumptive evidence of such laws.''

These books do not purport to have been published under the authority of the state of Pennsylvania, and there was no proof that they had been so published, or that they were commonly admitted as evidence in the courts of that state, nor were the statutes of Pennsylvania authenticated in any other manner. It is clear they were not admissible in evidence. *Goodwin v. Assurance Ass'n*, 97 Iowa, 226.

Under these circumstances, the laws of Pennsylvania will be presumed to be the same as our own. The claim is that the defendants in this action were plaintiffs in the case in Pennsylvania, and that the judgment was rendered against them on a counterclaim.

II. The exemplification of the record contains copies of

dockets and documents. Defendants interposed proper
objections to this evidence. The two docket
entries relied upon by plaintiff as the record
showing a judgment will be set out in full. They are as
follows:

**2. Judgments: record evidence.**

### Exhibit A.
### Exemplification of the Record.
Commonwealth of Pennsylvania, Allegheny County—sct.:

Among the records and proceedings of the court of common pleas No. 2, in and for county of Allegheny, and state of Pennsylvania, the following may be found as matter of file and record at No. 449, July term, 1905:

### Appearance Docket Entry.

L. E. Lyon and M. F. Price, Copartners Doing Business under the Firm Name and Style of Lyon-Taylor Co. v. Rudolph Hardware Company, a Corporation. No. 449. May 18, 1905, summons in assumpsit to 1st Monday, June, 1905. Statement filed. Service of filing statement accepted June 1st, 1905, by deft.'s atty. Served May 22nd, 1905, on W. T. Poellot, one of the partners of defendant Co. June 13th, 1905, affidavit of defense filed. August 28th, 1905, rule on deft. for judgment for want of sufficient affidavit of defense; reasons filed. Eo die, service of rule accepted by deft.'s atty. September 8th, 1905, on argument list and rule discharged. September 19, 1905, plea and præcipe for issue filed. September 28, 1907, on motion the within supplemental affidavit of defense is ordered filed. Sept. 30, 1907, proof of service of notice of filing supplemental afft. of defense filed. February 13, 1908, on trial list and jury sworn. Eo die, verdict in favor of defendant and certify a balance in its favor for three hundred ninety-seven and 26/100 ($397.26) dollars. August 24, 1908, shff.'s receipt for verdict fee filed and judgment entered on the verdict.

### Judgment Docket Entries.

Defendant, Lyon-Taylor Co.; Plaintiff, Rudolph Hardware Co., a corporation; No. 449, term July, year 1905; date of judgment August 24, 1908; amount, $397.26.

In addition are certified copies of certain documents which we do not deem it necessary to set out in full. These are a direction to the prothonotary by attorneys for plaintiff in that case to issue summons in assumpsit; statement of claims; præcipe for appearance; notice to file affidavit of defense; summons to defendant in that case; affidavit of defense by the president of the hardware company; notice of rule for judgment; plea of the hardware company; supplemental affidavit of defense of the hardware company, and notice thereof; and a verdict as follows:

## Verdict.

And now, to wit, February 13th, 1908, we the jurors empannelled in the above-entitled case, find in favor of the defendant, and certify a balance in its favor for $397.26.

............, Foreman.
Pittsburgh, August 24, 1908.
Allegheny County.

Also a receipt from the sheriff for verdict fee.

The question is whether this record shows a judgment against these defendants in the court of Pennsylvania. It is admitted by counsel for appellee that the judgment docket referred to in the record corresponds with our judgment docket and that the appearance docket referred to in the record corresponds with our combination docket, provided for in subdivision 6 of section 288 of the Code.

His contention is that, while subdivision 1 of section 288 requires the clerk to keep a book containing the entries of the proceedings of the court, which may be known as the "record book," it is not material what it is called; that the entries in the appearance docket in the exemplifications above set out, while made in the appearance docket, are the entries of the proceedings of the court, as provided in the section of the Code last cited; that this is the record and the best evidence of the rendition of the judgment. He relies on *Baxter v.*

*Pritchard*, 113 Iowa, 424; *Kennedy v. Bank*, 119 Iowa, 123; *Case v. Plato*, 54 Iowa, 64.

The first and last of these cases are also cited by appellant. The *Baxter* case holds that the record book is the best evidence of a judgment; and that it, or a certified copy thereof, is alone admissible to show judgment, when no foundation is laid for introducing secondary evidence. In *Kennedy's* case it was held that an abstract of the amount of a judgment entered upon the judgment docket does not constitute a judgment, and is not proper evidence thereof. We think *Case v. Plato, supra*, holds contrary to appellee's contention. After quoting the statutes, which were, for the purpose of this case, no different from the present statutes, the court there said: "It is apparent from the foregoing provisions that it is essential to the validity of a judgment that it should be entered upon the record book. This is the book in which a statement of the proceedings of the court is kept, and to which appeal must always be made to determine what has been done. The theory of the law is that it is kept under the direction and supervision of the judge; is approved by him and constitutes the only proof of his acts. The judgment docket is a mere abstract of the judgment, and it is contemplated that it shall be made up from a judgment previously entered in the record book."

The sections in the present Code bearing on this are 3784, 288 (paragraphs 1, 2, and 6), and 289. Section 3784 provides: "All judgments and orders must be entered on the record of the court, and must specify clearly the relief granted or order made in the action." Paragraph 1 of section 288 refers to the record book; paragraph 2, judgment docket; and paragraph 6, to appearance docket. Paragraph 6 reads in part: ".  .  .  But the entries provided for in this subdivision and subdivisions two and three may be combined in one book, indexed as provided in subdivision one hereof, which, when thus kept, shall be known as the 'combination docket.' " Under this, the appearance docket, judgment docket, and fee book may be combined in one book, but this does not include the record book required by paragraph 1 of

this section. All these books are records of the court in a sense and for some purposes, but none of these, except the one referred to in paragraph 1 of section 288, is the record of the proceedings of the court. Section 289 provides how the appearance docket shall be kept. Certain things are required by law to be entered in the appearance docket. The purpose is that this book is for the convenience of the officers and public, and to give a synopsis or brief history of the case.

It is clear that the copies of the appearance docket and the judgment docket of the Pennsylvania court offered in evidence in this case do not show a judgment against defendants; at most they are mere memoranda of the clerk or prothonotary, and not the action of the court, showing clearly what was done by the court.

The clerk should not, and, of course, ordinarily would not, note in the appearance docket that a judgment had been rendered until the record had been in fact written in the proper record book; but to hold that the rendition of a judgment may be shown by recitals of the clerk in his abstract of the record, entered in the appearance or judgment docket, would do away with the necessity for the record required by our statute.

As sustaining the views herein expressed see the following cases, in addition to those already cited: *Taylor v. Runyan,* 3 Iowa, 474; *Balm v. Nunn,* 63 Iowa, 641; *Callanan v. Votruba,* 104 Iowa, 672; *Updergraff v. Perry,* 4 Pa. 291.

Other matters of minor importance are argued by appellant. Some of these are that the record does not show that the jury was impaneled or sworn, and no record that instructions were given; that the verdict is not signed by the foreman of the jury; or that the judgment was signed by the judge. As to some of these, a presumption of regularity obtains; as to others the requirements are directory.

For the reasons given, the judgment is reversed. Plaintiff may be able to obtain additional evidence, so that the cause is remanded for a new trial.—*Reversed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.