DOUGLAS STREET, Appellee, v. VIRGINIA R. STEWART et al., Appellants.

No. 44604.

961

APRIL 5, 1939.

Bradshaw, Fowler, Proctor & Fairgrave, for appellants.

Walter Maley, J. P. McNerney, and J. A. Dyer, for appellee.

RICHARDS, J.—On November 12, 1935, at about 7:25 p. m., plaintiff sustained certain physical injuries while walking across West 5th street at or near its intersection with Keosauqua Way, in the city of Des Moines. The injuries resulted from a contact of plaintiff with an automobile which was being driven by defendant Luka with consent of defendant Stewart, the owner of the car. Plaintiff claims that negligent operation of the car was the proximate cause of the injuries he sustained. Damages therefor were sought in this action. Upon a verdict for $2,000 a judgment was rendered against defendants. On motion for new trial there were proceedings such that the amount of the judgment was reduced by plaintiff's remittitur to $1,500. Defendants have appealed.

Appellants assign as errors several of the rulings on appellants' exceptions to instructions and motion for new trial. In appellee's motion to dismiss this appeal, submitted with the case, it is urged that appellants may not be heard on these assignments for the reasons (1) that the filing of the exceptions to instructions and of the motion for a new trial was not timely, and (2) that there was no exception taken by appellants to the judgment. From examination of the record it clearly appears that an exception to the judgment was preserved. But above reason (1) requires discussion. It is founded on section 11551, Code 1935, which provides that an application to vacate a former verdict or decision and for a new trial must be made within five days after the verdict or decision is rendered unless for good cause the court extends the time. Appellants' application was not filed within the five days. But they claim that during that period the court extended the time for 20 days. If the claim is correct the application was filed in due time. But appellee denies that an extension of time was effected. Turning to what actually occurred the record discloses the following; the verdict was returned on January 27, 1938; following the notation of the return of the verdict there appears on the judge's calendar an entry under date of January 27, 1938, ordering that plaintiff have and recover judgment for $2,000 with interest and costs, and noting that defendants excepted; on the calendar appears another entry in these words; "Jan 28 1937 defts are hereby granted 20 days to file motion for new trial, exceptions to instructions and for judgment notwithstanding the verdict"; (parties in argument refer to this entry as designating the year 1938 instead of 1937 and we will so consider it); on February 3, 1938, the clerk entered the calendar entry last above mentioned in the record book. On these facts appellee's contention is that the above-quoted entry on the judge's calendar purporting to grant the 20 days was not an order of the court prior to February 3, 1938, when entered in the record book, and that on February 3, 1938, the time within which the order could effectively extend the time for filing the application had expired and under the order appellants did not re-acquire the right they had lost to file an application.

In State v. Wieland, 217 Iowa 887, 251 N. W. 757, Justice Kintzinger speaking for the court, is an exhaustive discussion of the statutes that are pertinent to the controversy

above stated, with citations from many of our earlier opinions. The Wieland case and the authorities therein cited infer, from the statutory requirement that all judgments and orders must be entered in the record book, the following propositions, i. e; that the entry made by the clerk in the record book is the legal evidence of a judgment or order; that the judge's calendar is in the nature of a memorandum book designed to promote the convenience of the judge and clerk and is not designated by the statutes as the place for final repose of judgments and orders, that place being the record book; that ordinarily the calendar is for the use of the judge in entering memoranda intended for the guidance of the clerk in entering judgments and orders.

As to appellee's proposition that there was no order extending the time until February 3, 1938, the date on which the calendar entry was copied into the record book, the question is obviously one of construction of section 11582, Code 1935, which provides that all judgments and orders must be entered on the record of the court, in its relation to section 11551. In one sense it may be said that a judgment is rendered when it is announced, or when the judge writes in his calendar a statement of his decision, but we have also said in numerous cases that until the memorandum is entered on the court record, often in extended form, there is no competent evidence of such rendition. Kennedy v. Citizens National Bank, 119 Iowa 123, 93 N. W. 71; Sievertsen v. Chemical Co., 160 Iowa 662, 133 N. W. 744, 142 N. W. 424. Questions have often arisen with respect to the consequences and effects of the court's proceedings during the interval between the making of an entry of the court's decision on the calendar, and the time when the clerk enters same upon the record book. In practically every case presenting the question the problem was whether, during the interval mentioned, the proceedings had efficacy in some particular respect, that was involved in that case. An instance is Callanan v. Votruba, 104 Iowa 672, 74 N. W. 13, 40 L. R. A. 375, 65 Am. St. Rep. 538, a case in which the problem was to determine the time when certain judgments became liens on defendant's real estate under a statute providing that such liens attach at the time of the rendition of the judgment. Third parties had acquired defendant's title to the real estate during the period intervening between the time entries were made and signed by

the judge, and marked filed by the clerk, ordering the judgments, and the time these orders were recorded in the record book. The holding was that the liens did not attach before the entry was made by the clerk, the opinion noting that the proof that there were judgments was to be found, under the statutes, in the entry in the record book, where nothing in fact appeared. The question has likewise arisen as to the effect of the court's proceedings before being entered in the record book with respect to issuance of execution, and with respect to the service of notice of appeal to the supreme court. Upon the latter question it was the holding of this court that the notice was premature if served before the entry in the record book. But in 1909 the legislature modified our construction of the statutes involved, by enacting that the notice of an appeal shall not be insufficient because served before the clerk has spread the judgment entry upon the court record if it shall appear that such entry has been made before the filing of appellant's abstract. In the Wieland case, supra, and in several cases therein cited including the Callanan case, supra, it was properly held that the court's proceedings had not effected the particular results that the court was considering until entry of the proceedings in the court's records. But in other cases construing section 11582 we have held that there are certain results, differing from those involved in the cases to which we have made reference above, that are effectively accomplished by the pronouncement by the court of its decision or by the entry of the decision on the calendar, and this before any entry of the proceedings in the record book. In the case of Coffey v. Gamble, 117 Iowa 545, 91 N. W. 813, in certiorari, respondent court found petitioner guilty of contemptuously violating an injunction. Prior to the allegedly contemptuous acts one of the judges of the same court had caused to be filed in the office of the clerk a written opinion and decision which concluded; "I reach the conclusion that the temporary injunction granted in this case should be dissolved, and that plaintiff's petition should be dismissed on its merits." A number of days elapsed before the formal decree was filed in the clerk's office. It was during this interval that the alleged contemptuous acts were done. Noting that "The judge had announced his decision, and nothing remained to be done but the ministerial act of entering it of record" we held that the person who had been enjoined need not

wait until the decree was formally entered by the clerk. Quoting from the opinion; "A definite announcement of the court, on a proper hearing, that the writ should be dissolved, and plaintiff's petition dismissed on its merits, is sufficient to justify the party against whom the writ was issued in proceeding as if no order had ever been made. Any other rule would be disastrous, for it would permit a mere ministerial officer to continue an injunction in force by simply neglecting to enter of record an order dissolving the same." This pronouncement appears to have been made deliberately after the court had reviewed in the same opinion some of our cases, including the Callanan case, that hold that as a general rule a judgment must be entered of record in order to be of any validity. And respecting such general rule the opinion in the Coffey case states, "But for many purposes it [the court's decision] is held effective from the time it is actually pronounced," citing Miles v. Tomlinson, 110 Iowa 322, 81 N. W. 587; Mentzer v. Davis, 109 Iowa 528, 80 N. W. 557. The conclusion in the Coffey case was that the injunction was dissolved when the court filed its written opinion and decision. The judgment finding petitioner guilty was ordered annulled. In Hoffman Granite Co. v. Stark, 132 Iowa 100, 108 N. W. 329, it was recognized that for some purposes an entry of judgment will relate back to the time when it was actually ordered, but not for all purposes; that for the purpose of an appeal it does not relate back. In Bennett v. Ryan, 206 Iowa 1263, 1266, 222 N. W. 16, 18, an order in probate was made approving a settlement by a guardian of a claim for damages suffered by the ward. The order was not filed and entered of record until about three months thereafter. During the interval the guardian brought suit on the claim the settlement of which the order in terms authorized, notwithstanding the fact the guardian had received the amount the order authorized her to accept. On the trial it was claimed that the order of approval was invalid by reason of the delay in entering it of record. The opinion held:

"The district judge had jurisdiction to make a valid order in vacation. Such order undoubtedly contemplated a filing and a record thereof. We think it true, also, that, upon the filing of said order, and the recording thereof in the probate records, it became effective as of December 22, 1925. [The date of the

order.] And this is so even though its effectiveness should be deemed suspended until such filing was made,—a question we do not now decide."

In discussing the varying respects in which proceedings of the district court may or may not be effective prior to the court's judgment or order being entered in the record book, a consideration emphasized in many cases is the inference drawn from our statutes that the record book is the evidence of the rendition of the judgment or of the making of the order. Quite consistently we have held that there are results that are not accomplished until the evidence of the court's decision exists in the clerk's records, as in the Callanan case, supra, and likewise with respect to other statutes, such as those relating to service of notice of appeal, and the statutes involved in the Wieland case, supra. But the particular question now before us is whether in the statute that requires the entering of orders in the record book is to be found a legislative intendment respecting this particular statute involved in this case, section 11551, and if so whether the intendment is that an order entered on the calendar by virtue of this section is ineffective until it appears in the clerk's records. Appellee adopts and applies to the problem certain generalizations appearing in some of our cases, such as "until so rendered [entered by the clerk], there is no judgment," found in the Callanan case, supra [104 Iowa 672, 74 N. W. 14]. But these statements should be weighed in the light of the particular consequences that were being discussed in the respective cases, and consistently, if possible, with our other pronouncements. We have deemed it one of the purposes of our statutes to preserve, by putting in an enduring form, what has been done. Bristol Savings Bank v. Judd, 116 Iowa 26, 89 N. W. 93. This view is reasonable and sound with respect to judgments and final orders that have an enduring force and virtue. It supports the cases holding there was ineffectiveness in certain respects prior to the entry in the record book. But section 11551 contemplates an order the force of which is temporary, an order that is but an incident to the procedure in the case. True, because the statute is in general terms, the order must be entered in the record book. But the entering does not perpetuate any final rights or status of the parties that are enduring, as in case of judgments and

final orders. There are no rights under an order, contemplated by section 11551, after determination of the case. Thus there do not appear to be the same sound reasons for inferring a legislative intent that of such an order the only competent evidence should be the record book. We fail to find in our statutes the necessity for holding that the legislature intended to impede the administration of law in the courts in the manner that would result if we held with appellee. We are of the opinion that our authorities are not inconsistent with a conclusion demanded by reasonableness. Our holding is that the order, though it did not appear on the record book until February 3, was effective to extend the time for the filing the application. The further contention that the order was not entered on the calendar on the purported date, but later, does not avail appellee, because his showing does not establish the actual making of the entry was later than February 1, a date within the five-day period.

■ As one of their grounds for reversal, appellants assign as error the giving of instruction No. 16. Therein, after instructing that only such damages may be allowed plaintiff as are established by a preponderance of the evidence, the court further charged the jury that such damages, if any, will be such sums as the jury may find the plaintiff is entitled to receive for any permanent injury, if any, and for loss of time and earning capacity, as well as for other elements. The instruction also stated that the aggregate of these items will be the amount of the verdict, if any, in no event exceeding $7,500. Appellants urge that this instruction was erroneous because there was no competent testimony and in fact no testimony that plaintiff sustained any permanent injury, and because there was no competent testimony that plaintiff lost any time from work, or that his earning capacity was impaired. In appellee's argument we find no discussion of the merits of this alleged error except a general statement that the instruction was proper. We have examined the record. While there is testimony that for a period of time plaintiff was wholly disabled, and that following such period he was incapacitated to follow his occupation, that of a house-to-house salesman, and though there was testimony concerning his earnings in manual occupations that after a while he pursued, and testimony concerning the amounts realized by plaintiff and his wife jointly engaging in house-to-

968

house selling prior to the injuries, we have not discovered in the record any competent evidence from which a jury would be warranted in finding that plaintiff sustained injuries that were permanent. Because the element of permanency of injury was submitted without evidence in the record in support thereof there must be a reversal. Shuck v. Keefe, 205 Iowa 365, 218 N. W. 31; Pettijohn v. Halloran, 200 Iowa 1355, 206 N. W. 631. The judgment is reversed.—Reversed.

MITCHELL, C. J., and OLIVER, SAGER, HAMILTON, MILLER, HALE, STIGER, and BLISS, JJ., concur.