[Civ. No. 11451. First Appellate District, Division Two.—June 20, 1940.]

THE LIVERMORE SANITARIUM (a Corporation), Petitioner, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY et al., Respondents.

R. Clarence Ogden for Petitioner.

NOURSE, P. J.—The petitioner seeks a writ of mandate. The respondent has failed to respond to the order to show cause, and we will therefore treat the allegations of the petition as true.

Petitioner filed a complaint in the justice's court on June 19, 1939, against J. Augustine for recovery of money upon a written contract; on August 14, 1939, it filed an amended complaint. On September 15, 1939, Augustine demurred to this amended complaint, and the demurrer was sustained without leave to amend on October 11, 1939. Prior to October 11th, the justice of the peace had failed to fix the day for trial of this issue of law, or to enter the day set in his docket, and had neglected to give notice in writing of the day so fixed to the plaintiff. On October 20, 1939, the justice mailed to petitioner's attorney a notice of the rendition of the judgment sustaining the demurrer without leave to amend and dismissing the action. On October 27, 1939, petitioner mailed to the justice by registered mail a notice of appeal, undertaking on appeal and a statement of the case on appeal; the justice received these documents on October 30, 1939. On November 3, 1939, petitioner paid to the justice the fees for filing the record on appeal; the justice filed with the county clerk a notice of appeal, undertaking on appeal, amended complaint, demurrer, copy of the justice's docket and paid all the filing fees. At the hearing of the appeal Augustine moved for dismissal on the ground that a statement of the case was not on file. The appellant offered proof that the statement

was filed with the justice and by him placed in the mail for transmission to the superior court. On April 11, 1940, the superior court dismissed the appeal. Petitioner prays for an alternative writ commanding the superior court to determine the appeal on its merits.

Section 594 of the Code of Civil Procedure reads in part: "the justice must fix the day for trial, whether the issue be one of law or fact, and the day so fixed for such trial shall be entered on the docket. Notice of the day so fixed for trial shall be given, as herein provided, to the parties to the action who have appeared. Such notice shall be in writing, signed by the justice. . . . "

The case on appeal was dismissed under the rule of *Butler* v. *Superior Court,* 3 Cal. App. (2d) 508 [39 Pac. (2d) 860], as no statement on appeal had been sent up by the justice. In the Butler case no statement was settled or filed by the appellant with the justice, or in the superior court. Here the appellant did all it could do by filing the statement on appeal with the justice; the justice may have been at fault in not sending it up to the superior court; or the postal authorities may have been at fault. But in any event, the petitioner did all that the law required of it.

The appeal was taken on the ground that the day set for trial of the demurrer was not entered on the docket pursuant to the Code of Civil Procedure, section 594 (2); the docket which the superior court had before it showed this on its face. 15 California Jurisprudence, page 537, states: "It was formerly held that such a statement was indispensable to every appeal on questions of law (*People* v. *El Dorado County Court,* 10 Cal. 19), but the rule is now settled that if the alleged errors appear in the copy of the justice's docket or in the papers sent up by him, a statement is not necessary." See to that effect: *Southern Pac. Ry. Co.* v. *Superior Court,* 59 Cal. 471; *Maxson* v. *Superior Court,* 124 Cal. 468 [57 Pac. 379]; 6 Cal. Jur. Supp., p. 670.

If there is any principle of law involved in this proceeding it is that, when the officers of the law, judicial or administrative, fail or neglect to perform a duty imposed upon them by law, the individual should not be made to suffer by their dereliction when he is not at fault. Here the petitioner complied with all the requirements of the law to have its case heard and determined. It has shown that it brought to the

respondent court a meritorious appeal which it was entitled to have heard on its merits.

Let a peremptory writ issue as prayed.

Sturtevant, J., and Spence, J., concurred.