Betty MORENO, Petitioner,

v.

Harold D. VIETOR, Judge of the 18th (now
8th) Judicial District of Iowa, Respondent.

No. 52819.

Supreme Court of Iowa.

Feb. 6, 1968.

David M. Elderkin, of Barnes, Wadsworth, Elderkin, Locher & Pirnie, Cedar Rapids, for petitioner.

C. W. Garberson and James Carter, of Shuttleworth & Ingersoll, Cedar Rapids, for respondent.

STUART, Justice.

Plaintiff by certiorari challenges the legality of the respondent's action in recalling an execution issued in Moreno v. Priester. Respondent held the execution was premature because no judgment had been entered upon the jury verdict. The question before us is whether the procedure in Linn County following a jury verdict satisfied the requirements of R.C.P. 223 and 227 for the entry of a judgment.

We will refer to the parties as follows: Betty Moreno, plaintiff; Priester, defendant; and the trial court as respondent.

On July 12, 1964, plaintiff was injured while riding as a passenger in a vehicle which was struck from the rear by another vehicle owned by William H. Webb, Sr. and driven by defendant. At and prior to the date of the accident Webb was insured by Vigilant Insurance Company.

Following the accident, plaintiff commenced this action and Priester, through his attorney, John McCracken, made demand upon Vigilant Insurance Company to defend him in said action. Vigilant Insurance Company denied coverage under its policy and refused to defend. He thereupon defended by his own attorney, John E. McCracken.

On July 27, 1965, the jury in this cause returned a verdict against defendant and in favor of plaintiff for $20,505.55. The same day, the trial court, Judge B. J. Maxwell, following the usual and customary practice of the Eighteenth Judicial District, made a handwritten calendar entry as follows:

"The jury returned a sealed verdict at 9:30 P.M., July 27, 1965, which verdict was as follows: 'We, the jury find in favor of the Plaintiff, Betty Moreno, and against the Defendant and fix the amount of her recovery at $20,505.55. Signed by Alvin A. Christensen, Foreman.'"

On July 28, 1965 the clerk made the following entry under this case in the Linn County District Court Record at page 230 of volume 229.

"Now, to wit on this 28th day of July, 1965, this cause comes on for hearing before the court, Hon. B. J. Maxwell, Judge presiding: Barnes, Wadsworth, Elderkin, Locher and Pirnie, appearing as attorneys for the plaintiff, and McCracken & Carlin, and Shuttleworth & Ingersoll appearing as attorneys for the defendants. The jury returned a sealed verdict at 9:30 P.M. July 27, 1965 which verdict was as follows: 'We, the jury, find in favor of the plaintiff, Betty Moreno, and against the defendant, and fix the amount of her recovery at $20,505.55.' Signed by Alvin R. Christensen, Foreman.

"We, the jury, find in favor of the plaintiff, Betty Moreno, and against the defendant and fix the amount of her recovery at $20,505.55. Alvin R. Christensen, Foreman."

Defendant, by answer, had alleged a covenant not to sue between plaintiff and the owner of the car, Webb, and claimed an

offset or credit against any judgment that might be entered against him in the amount of the consideration paid therefor. On the 9th day of September, 1965 the trial court ruled on this division of the answer as follows:

"It is the judgment of the Court that the issue raised by defendant Priester in his Division III is denied and that the judgment entered against the defendant Priester in favor of the plaintiff upon the jury's verdict herein shall be in full force and effect as to the full amount thereof and shall not be reduced in any part by the consideration paid for the Covenant not to Sue executed in favor of the defendant Webb.

"All of which is found, Ordered, Adjudged and Decreed. B. J. Maxwell, Judge of the 18th Judicial District of Iowa."

On October 21, 1965, all the judges of the district including respondent signed the following entry in the district court record.

"The foregoing Miscellaneous Law Record of the District Court of the State of Iowa in and for Linn County, made by the clerk and all prepared and signed and enrolled entries made by the court and recorded by the clerk in this volume of the record, and all records made by the clerk in all other volume's of the Court's records, including Law, Equity, Criminal, Probate and Inebriate records at the July, 1965, Term all made, entered and recorded by the Clerk of Court are approved in open court by the Judges of the said court presiding; at the said July term."

Execution against Priester was returned unsatisfied and plaintiff's counsel repeatedly postponed a debtor's examination of defendant at his request.

Defendant brought a separate action in the United States District Court for the Southern District of Iowa, 268 F.Supp. 156 against the Vigilant Insurance Company which on May 3, 1967 resulted in a judgment against the company requiring it to hold defendant Priester harmless from any liability for injuries arising out of the accident.

On July 5, 1967, prior to a hearing against Priester as a judgment debtor set for the next day, a motion was filed entitled Motion for Order Recalling Execution and Cancelling Debtor's Examination.

On July 28, 1967, after hearing, respondent entered a ruling and order holding that the plaintiff had no judgment against the defendant and recalled the execution issued on May 2, 1967, and cancelled the debtor's examination ordered pursuant to said execution. The respondent on July 31, 1967 ordered the clerk of the court to enter judgment upon the jury verdict. Attorneys for Vigilant Insurance Company, having entered their Appearance for and on behalf of the defendant in this cause, purported to file, as of July 31, 1967, Notice of Appeal from this judgment.

Plaintiff-petitioner thereafter filed her Petition for Writ of Certiorari in this cause.

■ In Iowa, a judgment has no effect until it has been entered of record by the clerk. Street v. Stewart, 226 Iowa 960, 963, 285 N.W. 204, 205; Case v. Plato, 54 Iowa 64, 66, 6 N.W. 128, 129; Lotz v. United Food Markets, Inc., 225 Iowa 1397, 1400, 283 N.W. 99, 101; Rudolph Hardware Co. v. Price, 164 Iowa 353, 358–359, 145 N.W. 910; State v. Wieland, 217 Iowa 887, 890–891, 251 N.W. 757, 758.

■ Although some of our cases say there is no judgment until it has been entered of record, we believe the more accurate analysis of the cases is that a judgment is rendered when it is announced, or when the judge writes in his calendar a statement of his decision or a jury returns a verdict but that there is no competent evidence of such rendition until the entry is made on the court record. Street v. Stewart, 226 Iowa 960, 963, 285 N.W. 204, 205; 13 I.L.R. 242–243. This view is supported by the fact that for some purposes a judgment relates back to the date ordered. Street

v. Stewart, supra; Hoffman-Bruner Granite Co. v. Stark, 132 Iowa 100, 103, 108 N.W. 329, 330; Coffey v. Gamble, 117 Iowa 545, 549, 91 N.W. 813, 814.

In some instances books other than the Miscellaneous Law Record may constitute a proper record book, Carr v. Bosworth & Sons, 72 Iowa 530, 532, 34 N.W. 317, 318, (book of decrees of foreclosure of mortgages); Brown v. Barngrover, 82 Iowa 204, 207–208, 47 N.W. 1082, 1083, (record of judgments by confession) but the record book is involved here. Case v. Plato, supra; Lotz v. United Food Markets, Inc., supra; Rudolph Hardware Co. v. Price, supra; State v. Wieland, supra.

■ An entry in either or both the judgment index or combination docket which refers to a judgment is not sufficient to comply with the requirement that a judgment be entered of record. Kennedy v. Citizens National Bank, 119 Iowa 123, 124–125, 93 N.W. 71; Lotz v. United Food Market, supra; Rudolph Hardware Co. v. Price, supra; State v. Wieland, supra.

■ The recording of a jury verdict by the clerk as required by R.C.P. 204 does not constitute the entry of a judgment. Wilson v. Corbin, 241 Iowa 226, 228, 40 N.W.2d 472, 474; Scott v. Manley, 240 Iowa 722, 725, 36 N.W.2d 474, 476. (The cited cases do not involve jury verdicts, but the analogy of a directed verdict and an opinion of the court appears to be sound.)

■ No execution may validly issue until judgment has been entered in the record book. Winter v. Coulthard, 94 Iowa 312, 315, 62 N.W. 732, 733–734.

■ An appeal will not lie from the judgment of the district court until that judgment has been entered of record. Hoffman-Bruner Granite Co. v. Stark, 132 Iowa 100, 103, 108 N.W. 329, 330; Street v. Stewart, 226 Iowa 960, 965, 285 N.W. 204, 206; Wilson v. Corbin, 241 Iowa 226, 228, 40 N.W.2d

472, 474. The date of entry of the judgment is, therefore, of utmost importance to the parties in the original suit. If judgment was not entered until July 31, 1967, Priester filed a timely notice of appeal.

Our determination here depends upon whether the clerk's entry in the Miscellaneous Law Record on July 28, 1965, was sufficient to constitute a judgment entry. The jury verdict is recorded twice. Plaintiff claims this entry thus satisfies both R.C.P. 204 which requires the clerk to enter the jury verdict of record and R.C.P. 223 which states: "The clerk must forthwith enter judgment upon a verdict when filed, * * *." Defendant claims, and the respondent held, this notation did not constitute a judgment entry and as no judgment entry appeared, the foregoing rules governed.

We would be less than candid if we failed to acknowledge our approach to this case has been influenced by the 15,000 similar entries in Linn County. When faced with a situation in which hundreds of mortgage foreclosures would be rendered invalid if the court held the clerk was not permitted to keep a separate record book for "Decrees of the Foreclosure of Mortgages", we said: "It would be, indeed, a bold court which, following the language of the statute rather than its spirit, would hold the decree upon which plaintiff's title is based void, on the ground that it is not recorded in a book which contains all the proceedings of the court rendering it." Carr v. Bosworth & Sons, 72 Iowa 530, 532, 34 N.W. 317, 319.

We would be acting with equal boldness here if we did not minimize the importance of form and search for an entry which meets the requirements of a judgment entry. We would not be serving the cause of justice if we unnecessarily cast doubt upon the proceedings in all these other cases. At the same time we cannot ignore the established law which holds a judgment must be entered of record before it is effective. With this approach in mind, we turn to the specific question before us.

Is the clerk's entry of July 28, 1965 in the Miscellaneous Law Record sufficient to constitute the entry of the judgment on the verdict? We hold that it is.

 A judgment is a final adjudication of the rights of the parties. R.C.P. 219; Whittier v. Whittier, 237 Iowa 655, 661–662, 23 N.W.2d 435, 440.

"The use of particular forms of words is not essential to a judgment. The sufficiency of a writing claimed to be a judgment is to be tested by its substance rather than its form. If it corresponds with the definition of a judgment and appears to have been intended by the court as the determination of the rights of the parties and shows in intelligible language the relief granted the absence of language commonly deemed especially appropriate to formal judgments is not fatal." Whittier v. Whittier, 237 Iowa 655, 662, 23 N.W.2d 435, 440; Batliner v. Sallee, 254 Iowa 561, 564, 118 N.W.2d 552, 554; Barrett v. Garragan, 16 Iowa 47, 48–49. "It need not be in any particular form provided the result, time, place, parties etc. are so stated as to be unmistakable." Coffey v. Gamble, 117 Iowa 545, 549, 91 N.W. 813, 814.

 The entry clearly shows in intelligible language the relief granted. It was a final adjudication of the rights of the parties. The clerk in entering judgment could not alter its legal effect in any way. All that remained to be done was the ministerial act of entering judgment of record. Such act should not be given any greater importance than necessary to accomplish the objectives of R.C.P. 223 which are to put "in enduring form, what has been done" and to fix a definite date from which to base further proceedings including the attachment of a lien. Street v. Stewart, 226 Iowa 960, 966, 285 N.W. 204, 207; State ex rel. Brown v. Beaton, 190 Iowa 216, 236, 178 N.W. 1, 180 N.W. 166.

 This ministerial act has been given unusual importance already by the Iowa cases which require a judgment to be recorded as well as rendered in order to be effective. 13 I.L.R. 242–243, 2 Iowa Rules of Civil Procedure 621 by Cook. We should liberally interpret the acts of the clerk in light of the presumption that he has performed his duty, State ex rel. Brown v. Beaton, 190 Iowa 216, 236, 180 N.W. 166; Halverson v. Hageman, 249 Iowa 1381, 1392, 92 N.W.2d 569, 576, and under the circumstances surrounding the entry of judgment. If he intended his acts to be the entry of a judgment, we should, if at all possible, avoid impairing its operation and validity when the rights of third parties are not affected because it is lacking in form. See 49 C.J.S. Judgments § 110, p. 235; State ex rel. Walls v. District Court, 38 Wyo. 427, 267 P. 1060; Livermore Sanitarium v. Superior Court, 39 Cal.App.2d 569, 103 P.2d 1022, 1023.

We minimized the importance of this act required of the clerk by relating the effectiveness of the judgment back to the time of the decision. Coffey v. Gamble, 117 Iowa 545, 550, 91 N.W. 813, 814. There we held an injunction was dissolved as of the date of the decision and that the enjoined party was not in contempt for doing what had been prohibited between the date of the decision and the entry of judgment. We said: "Any other rule would be disastrous, for it would permit a mere ministerial officer to continue an injunction in force by simply neglecting to enter of record an order dissolving the same." See also: Street v. Stewart, 226 Iowa 960, 965, 285 N.W. 204, 206.

Although the foregoing citations which tend to minimize the importance of the clerk's ministerial act are not directly in point, they serve to illustrate the principle that failure to properly perform an act of this nature should not interfere with the goal of the judicial process which is to decide controversies promptly and with justice.

Substance, not form, has governed our efforts to determine whether the decisions

of the trial court are or are not judgments. We have attempted to determine their intention therefrom. Batliner v. Sallee, 254 Iowa 561, 564, 118 N.W.2d 552, 554; Whittier v. Whittier, 237 Iowa 655, 662, 23 N.W. 2d 435, 440; In re Estate of Dodge, 194 Iowa 572, 578–579, 189 N.W. 759. We must remember we are dealing with the acts of a layman untrained in the language of the law. We must expect less adherence to judicial form. R.C.P. 223 places the burden of making the judgment entry on the clerk. In the case of a jury verdict, neither statute nor rule gives him any guidance as to form. It is therefore natural that he would accept the calendar entry of the judge as the form by which he could perform this duty.

Had the jury verdict appeared in the record only once, there obviously would have been nothing to interpret as a judgment entry. Such recording would have been in compliance with R.C.P. 204. The clerk attempted to do something when the verdict was repeated by copying the calendar entry. He testified he was following the custom and practice in Linn County. He thought the entry was a judgment entry. His testimony and the entries on the combination docket and lienbook so show.

Until this case, the Linn County lawyers have not challenged this procedure. The judges, including respondent, have term after term approved record books in which judgments on jury verdicts have been entered in this form. The judge who tried the case thought judgment had been entered here as he referred to it when ruling on the effect of the covenant not to sue. Defendant, Priester, through his original attorneys, who still represent him, does not question the existence of a judgment.

Respondent's decision was based on a conclusion of law not a determination of fact. He did not question the clerk's testimony indicating he intended by his acts to enter judgment against defendant. He reached the conclusion that what was done did not constitute a judgment entry. Although we cannot and do not approve of the form in which the Linn County Clerks have for years attempted to comply with R.C.P. 223, we believe the entry made, under all the circumstances, was sufficient to show an intention to enter judgment and accomplishes the purposes of the rule. We therefore hold the respondents' conclusion of law was erroneous.

The Writ of Certiorari is sustained.

Writ sustained.

All Justices concur, except RAWLINGS, J., who dissents.